### 27856. RALEY v. HATCHER.

DECIDED MARCH 6, 1940.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*J. Paul Stephens, C. R. Caldwell,* contra.

MacINTYRE, J. Bessie Hatcher brought suit against the de-

fendant, J. M. Raley, for alleged personal injuries caused by the negligent driving of an automobile belonging to the defendant by one Leon Osborne, as agent of the defendant, into another automobile in which the plaintiff was riding as a passenger. The verdict was for the plaintiff. The defendant's motion for new trial was overruled, and he excepted. The evidence was to the effect that the plaintiff was injured by a car driven by one Osborne, whom the defendant claimed was the chauffeur or driver of the defendant's son. That the son owned the car jointly with his father and had the sole control over the chauffeur's and driver's conduct at the time of the accident. The evidence also disclosed that the salesman who sold the car testified that he sold it to the father and son jointly. The father testified that this was true but that he gave the car in for taxes as his property and in his own name alone, and his application for a license tag was made out and signed by him alone. He further testified that the son paid one half of the taxes and one half the license fee for obtaining a license tag and that it was all done in his name merely for convenience and that in truth and in fact the son was the joint owner, owning one half interest in the car. The son's testimony corroborated that of his father. They both testified that at the time of the accident, the driver of the car was obtained by the son and was under the sole control of the son. Neither of the joint owners was in the car at the time of the accident. Osborne alone was driving the car and immediately after the accident he notified the father who came to the scene of the accident.

In the case of joint ownership of a motor vehicle, where there is no express statute on the subject, such ownership does not render one of such persons liable when the machine is operated by the other in his personal affairs. 7-8 Huddy's Cyclopedia of Automobile Law, p. 368 (81). "It has been held that where two persons jointly own an automobile and employ a chauffeur and practically have an equal right to the use of the machine and the services of such chauffeur, both of such joint owners are liable for the negligence of the chauffeur although at the time of the accident only one of the owners is enjoying the use of the machine." 7-8 Huddy's Encyclopedia of Automobile Law, 370 (81). But, "if one of the owners singly employs a chauffeur and has the sole control of his conduct at the time of an accident, the co-owner is not

charged with liability." *Id.* 371 (90). Even if we concede that the proof shows that the automobile was registered in the name of the father as owner and that he gave the automobile in for taxes as his property (although contradicted by the testimony of the salesman and by the testimony of the father and the son, the alleged owners of the car); and if we further concede that the evidence was sufficient to carry the question to the jury as to whether the father was the sole owner of the automobile and the jury resolved this issue in favor of the plaintiff, that is, that the father was the sole owner; yet, if the father was the sole owner of the car and the son was over 21 years of age, had a job of his own, was self-supporting and paying board at his father's house and there was no evidence from which the jury could find that the son was a member of the father's family within the meaning of the family-car doctrine, a mere loan of the car by the father to the son to go on a mission solely for the benefit of the son was in principle the same as if he had loaned it to a friend and would in effect make the son a mere bailee, and if the son's chauffeur or driver injured someone on the trip, the father would not be liable. 7-8 Huddy's Cyc. Auto. Law, 297, 300, §§ 116, 117.

Under the common law, the theory of recovery in cases of this character was that the owner of the car had control of the driver and the car. In the present case, if the father was the sole owner of the car and merely loaned it to his son (who, under the circumstances as here did not come within the family-car doctrine) and the son used it in his personal affairs and the accident occurred on this trip, the father would not be liable, for "The legal situation is the same as though the machine had been loaned to a friend for personal use, and it is well settled that the owner is not liable for negligence in the operation of the machine when it is loaned to another and is used for the personal business of the borrower. . . And it is held that the fact that it is the duty of the driver [who in this case was sole agent of the son] to return the machine to its owner after its permissive use [for the sole benefit of the son in his personal affairs] does not change the situation, although the injury in question arises while he is so returning the machine." 7-8 Huddy's Cyc. of Auto. Law, 250. Or if the son was the joint owner of the car with his father, and was merely using the car solely for his personal affairs when the accident occurred, the

father still would not be liable; but, of course, if the son was the agent of his father on the trip in question at the time of the accident, the father would in legal effect be in control of the driver and chauffeur and would be liable.

The son not being within the provisions of the family-car doctrine and the car being used by the son on the trip in question solely for his personal affairs, and the chauffeur or driver being under his control alone, the father was not liable under the laws of this State and the judge erred in overruling the motion for new trial. The court erred in admitting, as part of the res gestæ, the evidence objected to in paragraph 5 of the amendment to the motion for new trial. There was no evidence authorizing a charge on the family-car doctrine, and the court erred in charging on this principle.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*