35601. BAKER *et al. v.* SHOCKEY.

Decided February 23, 1956—Rehearing denied March 13, 1956.

*Barrett & Hayes, Marshall, Greene & Neely,* for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

Felton, C. J. ■ In the original treatment of this case this court reversed the judgment of the trial court in overruling the motion for a judgment notwithstanding the verdict made by Mr. and Mrs. Baker on the ground that there was no evidence authorizing the finding that Mrs. Baker was negligent in operating the automobile. The Supreme Court on certiorari reversed our judgment on that question. *Shockey v. Baker,* 212 *Ga.* 106 (90 S. E. 2d 654). This court has accordingly vacated its original judgment of reversal in accordance with the rulings of the Supreme Court. In our first consideration of the case this court did not rule on the exception of Mr. Baker to the overruling of his motion for a judgment notwithstanding the verdict or on the

amended motion for new trial; therefore, the questions presented by such motions were not before the Supreme Court on certiorari and it now becomes the duty of this court to rule thereon. See *Lawler* v. *Life Ins. Co. of Ga.*, 91 *Ga. App.* 443 (85 S. E. 2d 814).

■ As to the motion for a judgment notwithstanding the verdict as it applied to Mr. Baker, the evidence showed that Mrs. Baker purchased the automobile with her own funds without the advice, counsel, or consent of her husband and that he provided the gasoline and oil for its operation and that he neither exercised nor had any right to exercise any control over Mrs. Baker with reference to the operation of her automobile by her. There was no evidence as to the agency of Mrs. Baker otherwise.

The "family-purpose" doctrine has been stated so often that restatement is not necessary. See *Durden* v. *Maddox*, 73 *Ga. App.* 491 (37 S. E. 2d 219) and cases cited. The mere furnishing by Mr. Baker of the gasoline and oil for the operation of Mrs. Baker's automobile cannot be said to be a furnishing of the automobile by him for the pleasure and convenience of his wife and family. While it has been held that title in the automobile in the one allegedly furnishing it is not conclusive (*Hexter* v. *Burgess*, 52 *Ga. App.* 819, 184 S. E. 769), such a ruling throws no light on the question in this case. It was held in *Goldstein* v. *Johnson*, 64 *Ga. App.* 31 (12 S. E. 2d 92) that where a husband bought an automobile and gave it to his wife, the wife was liable for the negligence of the husband while driving the car if the wife furnished it to him for the pleasure and convenience of the family as a family car. It does not seem that if in that case the husband had furnished the gasoline and oil for the automobile, which the probabilities are that he did, such fact would have required a different ruling. We do not think that a husband can be said to furnish a car for family purposes under the facts of this case merely because he furnished the gasoline and oil for its operation when he had no authority or control over its use and operation beyond the refusal to furnish the gasoline and oil for its operation, the wisdom of which would seem to be doubtful to say the least of it. In such cases authority and control is the principal factor and certainly it cannot be said that a father would be relieved from liability in such a case merely because he restricted a son's use of the car to the instances when the son would provide the

gasoline and oil. The evidence demanded a finding that Mr. Baker was not liable for his wife's negligence under the "family-purpose" doctrine.

■ The grounds of the amended motion which complain of the charge of the court on the family-purpose car doctrine as being harmful to Mrs. Baker on the ground that such charge erroneously led the jury to believe that the burden of paying any verdict would be borne by the defendants jointly and the jury was thereby induced to render a higher verdict than it would have rendered had the verdict been against Mrs. Baker only. These grounds are without merit. The charge neither expressly nor impliedly authorizes the jury to base the amount of its verdict on their finding as to whether one or two defendants were found to be liable. The other grounds involving the family-purpose doctrine apply only to Mr. Baker's case and it is not necessary to consider them in considering the amended motion as it pertains to Mrs. Baker.

■ Ground 12 of the amended motion is without merit. It complains of the court's failure to specifically charge the jury that in assessing damages they must distinguish between injuries which the plaintiff received on the first occasion and injuries which he received in the second incident. The ground is without merit. The only evidence as to what injuries the plaintiff may have suffered when his own automobile ran off the road and down the embankment was that of the plaintiff himself and he testified that he received no injuries in that occurrence. Therefore, there was no evidence, direct or circumstantial, to authorize the jury to find that the plaintiff received any injury as a result of the upset of his own automobile and to authorize the charge. For this same reason the complaint made in ground 11 of the motion is without merit.

■ Grounds 13 and 15 of the amended motion complain of the refusal to give certain requested charges. These grounds are without merit. The requested charges would have required the jury to find for the defendants if they found that the plaintiff was negligent in standing where he did under the circumstances even though they also found that the defendant was guilty of a greater degree of negligence than the plaintiff, and, thus, would have excluded the principle of comparative negligence.

■ Ground 14 of the motion complains that the court erred in refusing to give a requested charge which in substance was that if the jury found that the defendant was not negligent they must find in her favor. The request was in part as follows: ". . . then I charge you that under such circumstances if you believe that Mrs. Baker was not guilty of negligence of any kind and character in the operation of her car, and that it left the highway because of its contact with the ice in the highway, and you further believe that Mrs. Baker *had no notice, knowledge or warning of the presence of such ice,* then I charge you that you would be authorized to find that the defendants were not negligent and that the plaintiff could not recover in this case." (Emphasis supplied). The ground is without merit. The charge would have required the finding that Mrs. Baker would have had to have *actual notice* of the presence of the ice and the jury could not have found that she could have discovered the presence of the ice in the exercise of ordinary care. Since, under the evidence in this case, whether Mrs. Baker could have discovered the presence of the ice on the highway in the exercise of ordinary care was a question of fact, the requested charge was not adjusted to the evidence, and the court did not err in refusing to give it.

■ Special ground 16 of the amended motion complains of the failure to give a requested charge. Since the requested charge was argumentative, the court did not err in refusing to give it.

■ Ground 17 of the amended motion complains that the court erred in refusing to charge the following requested charge: "I charge you, gentlemen of the jury, that a highway along which automobiles are operated which is coated or partially covered at a certain point with ice may be a place of danger, and if a person with knowledge of the fact that the highway is partially covered or coated with ice stands at a place adjacent to or near such point on the highway then the jury could find that his act in standing at such place amounted to a failure to exercise ordinary care for his own safety." The ground is without merit. The request does not state a correct principle of law in that the jury would not have been authorized to find that the plaintiff was negligent in the circumstances stated unless he anticipated or should have anticipated that injury might result to him from his standing at the place where he stood. The request would have authorized

the jury to find him negligent merely because he was standing adjacent to or near the ice-coated road. Such is not a correct standard. The court did not err in refusing to give the requested charge.

The court did not err in denying Mr. and Mrs. Baker's joint motion for a judgment notwithstanding the verdict.

The court erred in denying Mr. Baker's motion for a judgment notwithstanding the verdict and direction is given that a judgment notwithstanding the verdict be entered in accordance with his motion.

The court did not err in denying Mrs. Baker's amended motion for a new trial.

*Judgment affirmed on the joint motion for a judgment notwithstanding the verdict; judgment on Mr. Baker's motion for a judgment notwithstanding the verdict is reversed with direction; judgment on the amended motion for new trial as to Mrs. Baker is affirmed. Quillian and Nichols, JJ., concur.*