36866. COMMUNITY LOAN & INVESTMENT COMPANY
v. BACHMANN-UXBRIDGE WORSTED CORPORATION.

DECIDED OCTOBER 30, 1957.

*Marson G. Dunaway, Jr.*, for plaintiff in error.

*Henry A. Stewart, Sr.*, contra.

FELTON, C. J. 1. In view of the conclusion reached, it is unnecessary to cumber the record with a statement of the evidence in the case. Assuming but not deciding, that, if the facts pleaded in the plaintiff's amendment setting up an estoppel against the claimant to claim the property would have amounted to an estoppel if proved and relied on by the plaintiff, there is not one iota of evidence that the plaintiff in execution relied on any or all of the acts of estoppel pleaded in having the garnishment issued against Cedartown Textiles, Inc. The charter of Cedartown Textiles, Inc., was surrendered before any of the acts involved and the new corporation, the claimant, had taken over the operation of the business.

2. The plaintiff contends that a prima facie case was made by introduction of the execution and levy. The contention is without merit because the levy did not state that the property levied on was found in the possession of the defendant in execution and, if a mere invoice showing that the property was sold to the defendant in fi. fa. in 1950 was sufficient to show title or possession in defendant in fi. fa., the amendment of the plaintiff stating that all of the assets of the defendant in fi. fa. were transferred to the claimant is an admission in judicio that the property levied on belonged to the claimant, which the plaintiff could not disprove while the obligation remained in the amendment.

3. What is said above renders the introduction of the conveyance from the defendant in fi. fa. to the claimant harmless even if it did not include the property levied on.

The court did not err in directing a verdict for the claimant.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*