41538. DUCKWORTH et al. v. OLIVER.

ARGUED SEPTEMBER 8, 1965—DECIDED SEPTEMBER 23, 1965.

*Phillip T. Keen,* for plaintiffs in error.

*Edwards, Bentley, Awtrey & Parker, A. Sidney Parker,* contra.

DEEN, Judge. In *Studdard v. Turner,* 91 Ga. App. 318, 322 (85 SE2d 537) it was stated that testimony merely to the effect that when a son living with his parents asked for and was granted special permission to use the latter's automobile such testimony "is equally consonant with the theory that the son merely borrowed an automobile which was not generally used and kept for the pleasure and use of the family [as] that it was so kept and that parental authority was merely sought for its use at a particular time or for a particular errand; therefore, since it would tend equally to prove either theory, it succeeds in proving neither." The same conclusion was reached in *Robinson v. Hartley,* 98 Ga. App. 765 (106 SE2d 861). The facts in *Marques v. Ross,* 105 Ga. App. 133 (123 SE2d 412) are closely similar to those of this case: in both the owner denied that the automobile was kept for the pleasure or convenience of a son over 21 years of age living with the family; in both it was admitted that the son had driven the car on some half dozen previous occasions but always with express permission. In *Ross* it appears that the son paid for room and board while no evidence on the point is within this record. On the other hand there was no showing in *Ross* that the son had automotive transportation while here it is evident that the youth bought and owned his own car, and that another son had also purchased his own automobile. The fact that title to the latter was in the father does not affect the case since that vehicle is not involved in this case but it does support the father's testimony that his own car was maintained solely for the convenience

of himself and his wife. In *Ross,* as here, the defendant son had no key to the vehicle and the few occasions on which he used it were by express permission. "The doctrine is not applicable where the members of the family must obtain special permission each time they use the vehicle." 8 Am. Jur. 2d 143, 144, § 558, citing Redding v. Barker, 33 Tenn. App. 132 (230 SW2d 202).

The testimony here is not subject to contrary inferences within the meaning of *Word v. Henderson,* 220 Ga. 846 (142 SE2d 244) so as to create a jury issue on motion for summary judgment. The court did not err in sustaining the motion.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*