41887.   SLEDGE, by Next Friend v. LAW.

ARGUED APRIL 5, 1966—DECIDED MAY 2, 1966—
REHEARING DENIED MAY 26, 1966—

A. J. *Whitehurst, Jesse J. Gainey,* for appellant.
*Alexander, Vann & Lilly, Frank T. Holt,* for appellee.

HALL, Judge.   Essential to the liability of the head of a family under the family purpose automobile doctrine is the fact that

the head of the family has supplied the vehicle for the use of one or other members of the family. *Ferguson v. Gurley,* 218 Ga. 276, 280 (127 SE2d 462); *Durden v. Maddox,* 73 Ga. App. 491 (37 SE2d 219); *Studdard v. Turner,* 91 Ga. App. 318, 321 (85 SE2d 537). The fact that a mother made financial arrangements and signed notes to enable a minor son to purchase an automobile was held insufficient alone to create liability of the mother. *Jenkins v. Bridges,* 93 Ga. App. 241 (91 SE2d 317). And the mere furnishing by a husband of gas and oil for the operation of an automobile purchased by his wife with her own funds was held not sufficient to make the husband liable. *Baker v. Shockey,* 93 Ga. App. 595 (92 SE2d 314).

None of the Georgia cases cited is controlling on the issue in this case whether the father supplied the automobile for the use of the son, as here there are some additional facts relevant to this issue. The question in this case is different from that decided in *Duckworth v. Oliver,* 112 Ga. App. 371 (145 SE2d 115), cited by the defendant. In the *Duckworth* case, when the collision that brought about the suit occurred, the father's automobile was being driven by an adult son who did not customarily use the father's automobile, but had one of his own. The question considered and decided was that the father's automobile was not furnished by the father *for the son's use* within the family purpose doctrine. In the present case there is no question that the automobile involved in the collision was customarily used by the minor son; the issue is whether the father *furnished* the automobile to him.

Counsel agree that it is a question of law whether the undisputed facts show that the defendant father could be held liable under the family purpose automobile doctrine. On the oral argument of this case defendant's counsel replied affirmatively when asked if it was the defendant's position that an affluent father can give a son an automobile for his individual use and not be liable under the family purpose doctrine. We disagree. See Pouliot v. Box, 56 N. M. 566 (246 P2d 1050); Harper and James, The Law of Torts, Vol. 1, 661, 662, § 8.13, Vol. 2, 1419 et seq. § 26.15.

The Georgia courts in adopting the family car doctrine, like

those of many other states, applied principles of agency. *Hubert v. Harpe*, 181 Ga. 168, 171 (182 SE 167). "While the fictitious nature of the reasoning must be conceded, yet the kinds of considerations put forward to justify the . . . doctrine are essentially the same as those which justify the whole fabric of vicarious liability." 2 Harper and James, op. cit., supra, p. 1420, § 26.15. "Today Georgia is among those jurisdictions which give an extensive application to the doctrine, applying it to uses which have no family accommodation but are purely personal to the user. 'In the jurisdictions which apply the family purpose doctrine to its fullest extent, it is held to impose liability on the father or head of the family who has supplied the vehicle, *notwithstanding it is being used at the time of the injury by a member of the family* exclusively for his own individual use or pleasure." *Ferguson v. Gurley*, 218 Ga. 276, supra, 279-280.

Before the court on the motion for summary judgment was an affidavit and testimony of the defendant father. This evidence was undisputed and showed: When the son was under 21 and living in the father's home, but working and earning money, the father endorsed a note for $1,090 made by the son to a bank for a loan to purchase the automobile, which the son had selected. With money he had earned the son made the down payment on the automobile and made all the payments on the note until the balance was reduced to about $400. The son returned to school and the father paid the balance on the note as a gift to his son and inducement to return to school. The automobile was registered and returned for taxation in the son's name. The father had other cars the son could use at times, but the father exercised no control over this car. After returning to school the son lived in the father's house as a member of the family and the father supported him and gave him money weekly for his personal expenses, including gasoline and upkeep of the automobile. The father procured insurance in his own name covering the automobile, paid the insurance premiums, and collected the insurance after the collision.

These facts show that the father supplied the automobile for the use of the son.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed.* *Nichols, P. J., and Deen, J., concur.*