42317. CALHOUN v. EAVES.

ARGUED SEPTEMBER 7, 1966—DECIDED NOVEMBER 8, 1966—
REHEARING DENIED DECEMBER 7, 1966—

*Sam D. Hewlett, Jr., Florence Hewlett Dendy, Roland Nee-son,* for appellant.

*Lokey & Bowden, Glenn Frick,* for appellee.

JORDAN, Judge. The summary judgment statute provides that. if the pleadings, depositions, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as. to any material fact and that the moving party is entitled to· judgment as a matter of law, such judgment should be rendered

forthwith, but that nothing in the statute shall be construed as denying any party the right to a trial by jury if there are any substantial issues of fact to be determined. *Code Ann.* § 110-1203. A primary purpose of this procedure is to allow a party to pierce the allegations of the pleadings, show the truth to the court, and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193). It logically follows that if defendant, as movant for summary judgment, produces evidence conclusively establishing a fact or facts which negate one or more essential elements of plaintiff's action, it is useless to present the case to a jury, and the movant is entitled to a summary judgment as a matter of law. See *Allen v. Safeco Ins. Co.,* 108 Ga. App. 278, 279 (132 SE2d 859).

Plaintiff in this case bases his action on the family-purpose doctrine as recognized in this state. "A father is under no legal obligation to furnish an automobile for the comfort and pleasure of his child, whether minor or adult; and if he does so, it is a voluntary act on his part. In every such case the question is whether the father has expressly or impliedly made the furnishing of an automobile for such purpose a part of his business, so that one operating the vehicle for that purpose with his consent, express or implied, may be considered as his agent or servant. A child, whether minor or adult, may occupy the position of a servant or agent of his parent, and for his acts as such the parent may be liable under the general principles governing the relation of master and servant or of principal and agent." *Hubert v. Harpe,* 181 Ga. 168, 171 (182 SE 167). It is essential that the automobile be furnished by the head of the family for a family purpose. *Durden v. Maddox,* 73 Ga. App. 491 (37 SE2d 219); *Mitchell v. Mullen,* 45 Ga. App. 285, 286 (164 SE 278). See also *Shelton v. Doster,* 99 Ga. App. 863 (109 SE2d 862), involving the tort of a wife while operating a car purchased with her own funds in which the husband had no interest or control. The vehicle may be furnished, however, for the use of less than all members of the family. *Temple v. Chastain,* 99 Ga. App. 719 (109 SE2d 897).

The principal factor in such cases is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation. *Baker v. Shockey*, 93 Ga. App. 595, 596 (92 SE2d 314). Title may even be in a corporation, if the car is provided for family use. *Hirsh v. Andrews*, 81 Ga. App. 655 (59 SE2d 552).

The evidence which plaintiff asserts as creating a material issue of fact, e.g., that the vehicle was listed on the father's insurance policy, that the father claimed and received payment under the policy for burial expenses, that the father provided funds to the son, including funds for the upkeep of the vehicle, and that the father initially provided funds to purchase the vehicle, taken as true, in no way controverts the undisputed evidence that the son, an emancipated minor, purchased the vehicle in his own name for his own use, that the funds received from his father were a loan which the son repaid from assets exclusively under his control, and that. the vehicle was at all times under the exclusive custody and control of the son, up to and including the time of the collision with plaintiff's vehicle. How can it then be said that this was a vehicle furnished by the father as head of the family for a family purpose, and that it was being so used at the time of the unfortunate incident? The answer to this question is necessarily in the negative.

The facts of the present case distinguish it from the recent case of *Sledge v. Law*, 113 Ga. App. 746 (149 SE2d 758). In that case the father actually supplied the vehicle for the use of his minor son, by endorsing the note for the purchase money, and assuming liability and paying the balance due on the note as a gift to his son and as an inducement to the son to return to school, whereas in the present case the son, free of any disability attaching to a minor, supplied his own vehicle for his own use, incidentally using the proceeds of an unsecured loan from his father which he immediately repaid from the proceeds of the sale of stocks which he owned.

Plaintiff contends, however, that because the vehicle appears on defendant's policy of liability insurance, because the defendant claimed and received benefits under this policy, and because defendant gave his son money to buy the vehicle,

defendant was the owner of the vehicle and is estopped to deny such ownership. Even if it were conceded that defendant was the owner of the vehicle, the case would not turn on this point, as it would not disprove the uncontradicted evidence showing that the son as an emancipated minor had the right to and did exercise exclusive authority and control over the vehicle. See *Baker v. Shockey*, 93 Ga. App. 595, supra. The assertion of estoppel is wholly without merit, for under the record in this case plaintiff does not and cannot show that he has in any way been influenced by or relied on the representations or conduct of the defendant to his detriment. See *Code* § 38-116; *Community Loan &c. Co. v. Bachmann-Uxbridge Worsted Corp.*, 96 Ga. App. 586, 587 (100 SE2d 602).

Since the evidence in this case conclusively establishes that the vehicle was owned and operated by an individual acting in his own capacity as an emancipated minor living away from home at the time as a student, without any necessity for the consent of his father, expressed or implied, and without the exercise of any authority or control by the father, these facts fail to disclose that the use was intended for a family purpose in any way or any basis for an action against the father under the family-purpose doctrine for damages and injuries arising from its negligent operation. Accordingly, the trial court did not err in granting a summary judgment for the defendant.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*