48252, 48253. FINNOCCHIO et al. v. LUNSFORD (two cases).

HALL, Presiding Judge. Frank J. Finnocchio and Michael J. Finnocchio, father and son, appeal from the denial of their new trial motions and their motions for judgment notwithstanding the verdict, following verdicts rendered against them in DeKalb Superior Court in favor of Evelyn Lunsford and Leon Lunsford, husband and wife, who sued to recover for personal injuries suffered by Mrs. Lunsford in a 1963 auto collision with Michael Finnocchio and for consequent medical expenses and loss of consortium suffered by Leon Lunsford. Blue Top & Veterans Cab Co., Inc., in whose vehicle Mrs. Lunsford was riding at the time of the collision, was also a defendant in the trial court.

The issues presented are whether the Finnocchios, appellants, have standing to challenge the trial court's direction of a verdict for Blue Top & Veterans Cab, Co., Inc., and whether a jury question was presented on whether under the facts here the family purpose doctrine applied to render Frank J. Finnocchio liable jointly for damages arising from the collision in which Michael J. Finnocchio was a driver.

1. A codefendant in a tort action growing out of a 1963 automobile collision has no standing to appeal the grant of another codefendant's motion for a directed verdict. *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822). The 1966 and 1972 amendments to Code Ann. § 105-2012 are inapplicable for the reason that the injury occurred in 1963. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857); *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441 (193 SE2d 856).

2. Prior to the family purpose doctrine, the head of a family could not be held liable for the negligence of some other member of the family driving the car. The doctrine created a fictitious agency to establish liability. *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994).

The rules applicable to the family purpose doctrine are as follows: "To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. The driver must be a member of defendant's immediate household, as distinguished from a more distant or collateral relative such as a brother-in-law. The fact that the driver is an adult son usually is held, however, not to prevent the agency relation

where he is still a member of the household. The car must be found to have been driven at the time with the permission or acquiescence of the defendant, although his consent may be inferred from a failure to protest at frequent violations of his orders not to use the car." Prosser, Law of Torts (2d Ed.) p. 370, § 66.

It is important to remember however that ownership will not in and of itself create liability. *Raley v. Hatcher,* 61 Ga. App. 846, 848 (7 SE2d 777); *Hexter v. Burgess,* 52 Ga. App. 819 (184 SE 769); *Baker v. Shockey,* 93 Ga. App. 595 (92 SE2d 314); *Calhoun v. Eaves,* 114 Ga. App. 756, 760 (152 SE2d 805); 6 Blashfield Automobile Law and Practice, § 255.26. " 'To allow any recovery' based upon mere ownership of an automobile 'would deprive the defendant of property without due process of law, would authorize a recovery without liability and would compel payment without fault.' *Frankel v. Cone,* 214 Ga. 733, 736 (107 SE2d 819)." *Koutras v. Lazarus,* 122 Ga. App. 870, 872 (179 SE2d 106). To hold the head of a family liable under the family purpose doctrine, he must have provided the automobile for the pleasure, comfort or convenience of some member of his family. *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462).

"In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reimbursement or compensation." Smith v. Simpson, 260 N. C. 601, 611 (133 SE2d 474). In *Sledge v. Law,* 113 Ga. App. 746 (149 SE2d 758), this court held that although the son had title, he was an unemancipated minor, lived at the home of the father, the father made him a gift of part of the purchase price, supplied the money for the operating expenses and insurance and therefore had provided him with the car. In *Calhoun v. Eaves,* 114 Ga. App. 756, supra, the minor son (who was legally emancipated) had purchased the automobile from his own funds, lived away at school most of the time, held title in his own name and therefore the father had not provided him with the car.

The facts here will support a finding that the father contributed a substantial portion of the purchase price of the car; that it was registered in the father's name and bore Georgia license tags; that the son who normally used the car was a married minor

attending school in Tennessee and living during the school year with his wife in an apartment there; but that he and his wife were spending the summer during which this collision occurred in his father's home, having allowed the lease on the Tennessee apartment to expire; that the other minor son who was driving the car at the time of the injury was living at home and attending high school; that he had driven the car on other occasions; and that the father had never forbidden this son to drive the car. In our opinion, these facts would authorize the jury to find that the father provided the car for the pleasure, comfort or convenience of both sons.

*Judgment affirmed. Evans and Clark, JJ., concur.*

Submitted May 30, 1973 — Decided September 6, 1973 — Rehearing denied September 20, 1973 —

*Charles H. Hyatt, Robert J. NeSmith, M. M. Armistead,* for appellants.

*Hurt, Hill & Richardson, James C. Hill, W. Seaborn Jones, Hopkins & Gresham, H. Lowell Hopkins, Robert E. Whitley,* for appellees.

On Motion for Rehearing.

Evans, Judge, concurring specially. 1. A codefendant in a tort action should have the right of appeal when another codefendant's motion for directed verdict is granted. His rights are very substantial, because if he is finally·cast in the suit, he must pay the entire judgment, whereas he would have the very welcome companionship of another defendant to help pay one-half if it can be shown that the negligence of the other defendant also contributed toward causing the injury. Therefore, I feel that *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822); *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441 (193 SE2d 856); *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857), and all other cases holding similarly on this question, should be overruled. While it is true that Code Ann. § 105-2012 (Ga. L. 1966, p. 433; 1972, p. 132), has been recently amended, the amendment does not go far enough; it should plainly spell out that a codefendant in such cases has standing to appeal. But for the present, I am bound by the authorities above cited.

2. Division 2 of the opinion adopts Prosser's definition as correctly stating the rule applicable to the family purpose doctrine. I believe Prosser is more restrictive than *Griffin v. Russell,* 144 Ga. 275, 287 (87 SE 10), and the host of Georgia authorities following

this landmark decision; and I prefer to follow the Georgia authorities on this question.

3. I concur in the judgment of affirmance and in overruling the motion for rehearing.