## 51259. KIRKLAND v. CRAWFORD et al.

SUBMITTED SEPTEMBER 29, 1975 — DECIDED
OCTOBER 30, 1975.

*Smith & Perry, Edwin J. Perry, III,* for appellant.
*Ben Kirbo,* for appellees.

DEEN, Presiding Judge.

The sole question involved in this appeal is whether the evidence presented was sufficient to support a finding that the automobile was a family purpose car or whether a directed verdict in favor of the appellant on this issue should have been granted by the trial court. "To come within the application of the [family purpose] doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business . . . The car must be found to have been driven at the time with the permission or acquiescence of the defendant, although his consent may be inferred from a failure to protest at frequent violations of his orders not to use the car." Prosser, Law of Torts (2d Ed.) p. 370, § 66.

The evidence presented in the trial of the case sub judice was as follows: Title to the automobile and all documents of title were in appellant's name; insurance on the automobile was taken out in appellant's name. The certificate of title is only prima facie evidence of ownership and this can be contradicted by other evidence. *Watson v. Brown,* 126 Ga. App. 69 (189 SE2d

903). Appellant argues that the prima facie showing of ownership was rebutted by her following testimony: That the down payment on the automobile belonged to her husband and had been originally bought with his money, that all monthly payments on the new car were made by her husband from money he had earned from various odd jobs, that she owned her own automobile and that although the new car was in her name it was her husband's car.

We are not prepared to say that the sole testimony of the appellant rebuts as a matter of law the prima facie showing of ownership as evidenced by the certificate of title, so that a directed verdict was warranted. Rather we find the case of *Frazier v. Willis,* 128 Ga. App. 762 (197 SE2d 831), wherein under similar facts it was held that a genuine issue of material fact as to ownership was stated, to be persuasive and hold that it was a question for the jury in the case sub judice as to who was the owner of the vehicle.

However, ownership alone will not in and of itself create liability under the family purpose doctrine in this state. *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819); *Hexter v. Burgess,* 52 Ga. App. 819 (184 SE 769); *Raley v. Hatcher,* 61 Ga. App. 846 (7 SE2d 777); *Baker v. Shockey,* 93 Ga. App. 595 (92 SE2d 314); *Calhoun v. Eaves,* 114 Ga. App. 756 (152 SE2d 805); *Koutras v. Lazarus,* 122 Ga. App. 870 (179 SE2d 106). "To hold the head of a family liable under the family purpose doctrine, he must have provided the automobile for the pleasure, comfort or convenience of some member of his family. *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462)." *Finnocchio v. Lunsford,* 129 Ga. App. 694, 695 (201 SE2d 1). " 'In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reimbursement or compensation.' Smith v. Simpson, 260 N. C. 601, 611 (133 SE2d 474)." *Finnocchio v. Lunsford,* supra. By her own testimony appellant stated that she instituted the sales transaction

and executed the sales documents because her unemployed husband needed a car and could not obtain the necessary credit. "But for" appellant's consummation of the transaction and contribution of her own credit her husband would not have been able to obtain the automobile; surely this qualifies the appellant as a "provider" under our law's definition.

There being ample evidence from which a jury could find appellant to be both the owner and provider of the car, it was not error to refuse to direct a verdict in appellant's favor.

*Judgment affirmed. Evans and Stolz, JJ., concur.*