51397. KURTZ et al. v. WILLIAMS et al.

WEBB, Judge.
1. To hold the head of a family liable under the family purpose doctrine, he must have provided the automobile for the pleasure, comfort or convenience of some member of his family, and the automobile must be found to have been driven at the time with his permission or acquiescence. Ownership of the automobile will not in and of itself create liability. *Finnocchio v. Lunsford,* 129 Ga. App. 694 (201 SE2d 1) and cases cited.

2. Assuming, for the purpose of argument, that questions of fact exist in this case as to whether the defendant father owned the automobile driven by his son at the time of the collision complained of, the record is clear that the son, who had only a learner's permit, did not have permission to drive it without his father or mother present in the automobile; that they were not present on this occasion and were not even at home; that the son had

never before driven any of the father's automobiles without permission and without a parent present; that this particular automobile was not made available for this son's use; and that the son took the keys to the automobile from the pants of his brother, who was asleep, and drove it away without the knowledge or consent of his father, mother, or brother. Consequently no liability could attach to the father under the family purpose doctrine, and the trial court correctly granted summary judgment to him. Cf. *Brown v. Porto,* 106 Ga. App. 226 (126 SE2d 639); *Duckworth v. Oliver,* 112 Ga. App. 371 (145 SE2d 115); *Durden v. Maddox,* 73 Ga. App. 491 (37 SE2d 219).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED NOVEMBER 18, 1975.

*Albert B. Wallace, William R. L. Latson,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock,* for appellees.