54619. CLEMONS et al. v. BUSBY et al.

BANKE, Judge.

This is an action for damages arising out of an automobile collision. The complaint alleged negligence on the part of Greg Busby, the driver of one of the automobiles involved, and sought to impose liability upon his father, Chester Busby, under the family purpose doctrine. Summary judgment was granted to the father, and the plaintiffs appeal.

The defendants filed affidavits stating that Greg Busby was emancipated, self-supporting and did not reside at the family home; that he purchased the automobile with his own funds and maintained it with his own funds; that the father had no control over the use of the vehicle; and that it was not driven for the benefit of the father or the family. The plaintiffs responded with a

transcript of a police court hearing in which Greg Busby testified that he owned the car but that it was in his father's name.

"Even if it were conceded that defendant [father] was the owner of the vehicle, the case would not turn on this point, as it would not disprove the uncontradicted evidence showing that the son as an emancipated minor had the right to and did exercise exclusive authority and control over the vehicle. [Cit.]" *Calhoun v. Eaves,* 114 Ga. App. 756, 761 (152 SE2d 805) (1966). The grant of summary judgment to the father was authorized. See *Baker v. Shockey,* 93 Ga. App. 595 (2) (92 SE2d 314) (1956); *Durrett v. Farrar,* 130 Ga. App. 298, 300 (203 SE2d 265) (1973).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977.

*Charles A. Pemberton,* for appellants.
*Murray & Temple, William D. Temple, William A. Dinges,* for appellee.