### 64172. FAIRCLOTH v. GERMAN.

SHULMAN, Presiding Judge.

This appeal is from a jury verdict for the plaintiff-appellee in a suit arising from an automobile collision. The case was submitted to the jury under a two-count complaint. The first count alleged that appellant was negligent in personally causing the collision; the

second was based on the "family purpose doctrine" and alleged that appellant's minor child was driving at the time of the collision.

1. At the close of appellee's case, appellant moved for a directed verdict. The grounds for the motion were that there was no evidence that appellant was driving when the collision occurred and that the evidence did not support the application of the family purpose doctrine.

As to appellant's role in the collision, there was sufficient evidence to authorize a jury to conclude that appellant was the person driving his truck at the time in question. The Georgia State Patrol trooper who investigated the incident testified that when he asked who was driving, appellant presented his driver's license and subsequently stated that he was driving. That evidence was enough to present a jury question on the issue of whether appellant personally was involved in the collision. It was not, therefore, error to deny appellant's motion for a directed verdict as to the first count of appellee's complaint.

As to the second count of the complaint, however, we are constrained to agree with appellant that there was no evidence that the vehicle involved was a vehicle furnished by appellant for the use of his family. Although appellee's counsel attempted to elicit from appellant testimony which would support a conclusion that the vehicle, although primarily used for business purposes, was also furnished to members of the family in such a way as to bring the case within the family purpose doctrine, he was singularly unsuccessful in that effort. Appellant adamantly denied that the truck was used for other than business purposes. Appellant testified further that none of his vehicles, including the truck here involved, is used by any member of the family without his express permission. There was no evidence to contradict appellant's testimony regarding the restrictions on use of the truck. Under those circumstances, the evidence demands the conclusion that the truck was not furnished to the family within the meaning of the family purpose doctrine. *Duckworth v. Oliver,* 112 Ga. App. 371 (145 SE2d 115). That being so, the trial court erred in failing to grant appellant a directed verdict as to the second count of appellee's complaint. A new trial is, therefore, necessary.

2. Appellant's other enumerations of error concern matters not likely to recur on the retrial of this case and need not be addressed.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 3, 1982.

*Alfred J. Powell, Jr.,* for appellant.
*Joseph B. Gray, Jr., M. Stan Ballew,* for appellee.