*tant District Attorney*, for appellee.

68944. BUICE et al. v. WHITE et al.
(324 SE2d 203)

McMurray, Chief Judge.

Patricia Ann Buice, wife of plaintiff Donald M. Buice, died as the result of injuries received in an incident when the automobile which she was driving collided with a pickup truck operated by Thomas Morgan White, Jr. In the suit subsequently filed, Donald M. Buice, individually and as next friend for Jodi Garrett, a minor (the only child of decedent) sought damages against defendants Thomas Morgan White, Jr. and Helen Virginia White. It was alleged that defendant Helen Virginia White, the wife of Thomas White, Jr., was liable to plaintiffs under the family purpose doctrine. Following discovery, defendant Helen Virginia White moved for summary judgment. The defendant wife's motion was granted and this appeal followed.

A review of the record discloses the following facts: Defendants purchased a 1983 Ford Ranger pickup truck in May 1983. The vehicle was titled jointly, in the names of each defendant. When the truck was purchased, defendants were receiving disability benefits, he from the Veteran's Administration, and she from the Social Security Administration. The wife maintained the only commercial banking account in the family. It was a joint account in which the wife and her mother were signatories. The husband deposited his disability benefit checks into the wife's account and he and she simply used those funds for whatever purpose needed including living expenses.

In her deposition, the wife testified that the money used for the down payment on the truck was money she and her husband just had. She qualified her statement, however, by adding that more of the money was "his." She also testified that the truck was a "family vehicle" which was purchased for "him to have something to drive," that "once in a while" the defendants paid for gasoline and maintenance of the truck with "[j]ust cash when he needs it"; that the trade-in vehicle used in the purchase of the truck belonged to her and was titled in her name alone; that the insurance policy for the truck was in her name only; that, on at least one occasion, repairs to the truck were made in her name; that the husband drove the truck most of the time and that she drove a 1977 Buick automobile; that on the day of the collision, she was in North Carolina; and that just before the collision, her husband had been visiting other members of their family.

*Held:*

1. Upon a motion for summary judgment, the burden is upon the movant to establish that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56. In determining whether a movant meets the summary judgment burden, the respondent must be given the benefit of all favorable inferences and every reasonable doubt. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866).

2. "The rules applicable to the family purpose doctrine are as follows: 'To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business.'" *Finnocchio v. Lunsford*, 129 Ga. App. 694 (2) (201 SE2d 1). Of course, it must be borne in mind that mere ownership will not create liability. *Finnocchio v. Lunsford*, 129 Ga. App. 694, 695, supra; *Raley v. Hatcher*, 61 Ga. App. 846, 848 (7 SE2d 777). "To hold the head of a family liable under the family purpose doctrine, he must have provided the automobile for the pleasure, comfort or convenience of some member of his family. *Ferguson v. Gurley*, 218 Ga. 276 (127 SE2d 462)." *Finnocchio v. Lunsford*, 129 Ga. App. 695, supra. How do we determine whether a defendant has provided the automobile for the "pleasure, comfort or convenience" of a family member? " 'In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reimbursement or compensation.' Smith v. Simpson, 260 N.C. 601, 611 (133 SE2d 474)." *Finnocchio v. Lunsford*, 129 Ga. App. 695, supra.

In the case sub judice, the evidence shows that title to the truck was in both defendants' names and that the wife's motor vehicle was traded to the seller in order to purchase the truck. The evidence also shows that money she and her husband just had was used for the down payment; that occasional payments for the gas and maintenance of the truck were made with "[j]ust cash when he needs it"; that repairs to the truck had been made in the wife's name; and that the insurance for the truck was placed in the wife's name. Construing the evidence most favorable to the plaintiffs, as the parties opposing the motion for summary judgment, we think a jury question exists as to the wife's liability under the family purpose doctrine. See *Kirkland v. Crawford*, 136 Ga. App. 388 (221 SE2d 482).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

.DECIDED NOVEMBER 16, 1984.

*William H. Major, Michael R. Hurst, William E. Lipscomb III,* for appellants.
*Elmer A. Simpson, Jr., Richard C. Mitchell,* for appellees.