76224. YOUNG v. WOOLDRIDGE et al.
(371 SE2d 100)

McMURRAY, Presiding Judge.

This is a tort action arising from a motor vehicle collision in which Karey Lynn Wooldridge was fatally injured. The plaintiffs are the parents of the deceased on a wrongful death claim and the father, as administrator of her estate, on a claim for personal injuries, mental anguish, shock and fright suffered by deceased prior to her death.

Plaintiffs' complaint alleges that, at the time of the collision, deceased was a passenger in a vehicle negligently operated by defendant Brett Young. Plaintiffs' complaint also states claims against defendant Forrest Young, father of defendant Brett Young, predicated on theories of the family purpose doctrine and negligent entrustment. Claims against defendants Del Taco, Inc., Creative Food 'N Fun Company and ARA Services, Inc. are predicated on allegations that these defendants negligently sold defendant Brett Young alcoholic beverages prior to the collision.

This appeal is taken by defendant Forrest Young from an order of the superior court granting plaintiffs' motion for summary judgment on the applicability of the family purpose doctrine, thereby imposing liability on defendant Forrest Young for any liability found in this action to exist on the part of his son, defendant Brett Young, arising out of the subject fatal collision. Defendant Forrest Young also enumerates as error the denial of his motion for summary judgment on the applicability of the family purpose doctrine and applicability of plaintiffs' negligent entrustment theory. *Held*:

1. The affidavit of defendant Forrest Young avers that defendant Brett Young was a minor and lived with his parents, that the automobile driven by defendant Brett Young at the time of the collision was purchased approximately four months prior to the collision, that the automobile was registered and titled in defendant Forrest Young's

name because defendant Brett Young was a minor, and that the down payment for the purchase was $1,000 cash, of which defendants Forrest Young and Brett Young each provided one-half. Defendant Forrest Young further averred that he gave the automobile dealership a check for $12,000, that two days after the purchase of the automobile defendant Brett Young obtained a loan for $12,000, the entire proceeds of which were transferred to him (Forrest Young) to reimburse for the cash and check given the dealership, and that this method of payment was used since defendant Brett Young did not have a checking account. In his affidavit defendant Forrest Young also averred that subsequently defendant Brett Young obtained insurance on the automobile in his name, and that the insurance premiums were paid by defendant Brett Young by providing cash reimbursement for checks drawn on the account of Mr. and Mrs. Forrest Young (again because Brett Young had no checking account). Defendant Forrest Young also stated that he "did not have his own personal set of keys" to the automobile, performed no maintenance on the automobile, "never did and never could authorize another family member to drive" the automobile as he did not consider the automobile to be his, and that defendant Brett Young exercised exclusive authority, custody and control over the automobile. These facts were corroborated by the affidavit of defendant Brett Young.

"Upon a motion for summary judgment, the burden is upon the movant to establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56. In determining whether a movant meets the summary judgment burden, the respondent must be given the benefit of all favorable inferences and every reasonable doubt. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442); *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866)." *Buice v. White*, 172 Ga. App. 634 (1) (324 SE2d 203).

Before the superior court and again before this court, plaintiff relies heavily upon our decisions in *Sledge v. Law*, 113 Ga. App. 746 (149 SE2d 758), and *Murch v. Brown*, 166 Ga. App. 538 (304 SE2d 750). In both of these cases, we held that the evidence set forth therein was sufficient to preclude a summary judgment against the defendant parent predicated upon the family purpose doctrine. These cases do not hold that the facts therein are sufficient to authorize summary judgment by a plaintiff against such defendant parents. Indeed, in the similar cases of *Keith v. Carter*, 172 Ga. App. 588 (323 SE2d 886), and *Calhoun v. Eaves*, 114 Ga. App. 756 (152 SE2d 805), we upheld grants of summary judgment to the defendant parents.

The rules governing applicability of the family purpose doctrine have been often restated. See in this regard *Murch v. Brown*, 166 Ga. App. 538, 539, supra; *Keith v. Carter*, 172 Ga. App. 588, 589, supra;

and *Buice v. White*, 172 Ga. App. 634, 635 (2), supra. In *Buice* we stated: " 'The rules applicable to the family purpose doctrine are as follows: "To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business." ' *Finnocchio v. Lunsford*, 129 Ga. App. 694 (2) (201 SE2d 1). Of course, it must be borne in mind that mere ownership will not create liability. *Finnocchio v. Lunsford*, 129 Ga. App. 694, 695, supra; *Raley v. Hatcher*, 61 Ga. App. 846, 848 (7 SE2d 777). 'To hold the head of a family liable under the family purpose doctrine, he must have provided the automobile for the pleasure, comfort or convenience of some member of his family. *Ferguson v. Gurley*, 218 Ga. 276 (127 SE2d 462).' *Finnocchio v. Lunsford*, 129 Ga. App. 695, supra. How do we determine whether a defendant has provided the automobile for the 'pleasure, comfort or convenience' of a family member? ' "In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reimbursement or compensation." *Smith v. Simpson*, 260 N.C. 601, 611 (133 SE2d 474).' *Finnocchio v. Lunsford*, 129 Ga. App. 695, supra."

In the case sub judice, the evidence is in conflict as to defendant Forrest Young's right to exercise authority and control over the use of the vehicle. Viewed most strongly in favor of plaintiff the evidence shows that defendant Forrest Young supplied the automobile to an unemancipated minor son who was a member of his immediate household for family use and that the automobile was being driven with his acquiescence at the time of the collision. Viewed most favorably to defendant Forrest Young the evidence shows that the automobile was the separate property of an emancipated minor son over which he had no authority and control. Consequently, the superior court erred in granting summary judgment in favor of plaintiffs on the issue of liability under the family purpose doctrine. The superior court did not err in denying defendant Forrest Young's motion for summary judgment in regard to plaintiffs' theory of liability based on the family purpose doctrine.

2. The superior court did not err in denying defendant Forrest Young's motion for summary judgment in regard to plaintiffs' theory of liability based on negligent entrustment. "Under the theory of negligent entrustment, 'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must con-

cur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. (Cits.)' *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324)." *May v. Phillips*, 157 Ga. App. 630, 631 (2) (278 SE2d 172). In the case sub judice, defendant Forrest Young presented no evidence controverting plaintiffs' allegations of incompetence and habitual recklessness on the part of defendant Brett Young. Defendant Forrest Young did present evidence that he had no knowledge of any speeding tickets received by defendant Brett Young prior to the collision, nor had any facts ever been brought to his attention regarding a pattern of negligent or reckless driving on the part of defendant Brett Young. However, such evidence did not pierce the allegations that defendant Brett Young was an incompetent driver. Nor is defendant Forrest Young's statement that no facts regarding reckless conduct by his son had been brought to his attention, equivalent to a statement that he had no knowledge of such conduct. This enumeration of error is without merit.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JUNE 3, 1988 —
REHEARINGS DENIED JUNE 24, 1988 —

*Richard G. Greer, Stephen A. Friedman*, for appellant.
*William H. Schroder, Jr., Lynn E. Marsal, William W. Lavigno III, Nicholas C. Moraitakis, Robert C. Semler*, for appellees.