32425. WHITLOCK *et al. v.* MICHAEL.

DECIDED MAY 21, 1949.

*Marvin A. Allison, Charles C. Pittard, John C. Houston*, for plaintiffs in error.

*Alton G. Liles, Joseph D. Quillian*, contra.

PARKER, J. Mrs. Rosa Sims Michael sued Mrs. O. R. Whitlock

and Mrs. Doris Golembiewski for damages for personal injuries, alleged to have been sustained when a car driven by Mrs. Golembiewski and owned by Mrs. Whitlock collided with an automobile owned and driven by the plaintiff's husband in which she was riding as a passenger. The jury returned a verdict for the plaintiff against both defendants. The defendants made a motion for a new trial on the general grounds, which was amended by the addition of nine special grounds, and the exception here is to the overruling of that motion.

■ While the evidence was in conflict, there was testimony from which the jury was authorized to find that Mrs. Golembiewski was negligent in the operation of the car, in one or more of the ways alleged in the petition at the time of the injury to the plaintiff, and that her negligence was the proximate cause of the injury.

As to the liability of Mrs. Whitlock, there was evidence from which the jury was authorized to find that she was the owner of the automobile that struck the plaintiff's car; that it was being driven at the time of the collision by Mrs. Golembiewski, her adult married daughter, who was living at the time, with her husband who supported her, in Mrs. Whitlock's home; that Mr. and Mrs. Golembiewski paid their own expenses; that on the occasion when the collision occurred Mrs. Golembiewski had driven her husband to work in the automobile and was returning home; and that Mrs. Whitlock was not in the automobile and did not have anything to do with that trip.

Mrs. Whitlock testified in part as follows: "I don't drive a car. No, I can't drive a car. Yes, at the time this automobile was there my daughter used it. Yes, I allowed her to use it any time, she carried her husband to work that morning. I don't know whether she drove it whenever she wanted to or not, I might object sometimes. Of course, I don't remember objecting on any occasion. I am not going to say as a general rule she used it whenever she wanted to. I don't know, she might have used it on her own business. I just can't say when she ever wanted it and I didn't let her have it or not. I don't know whether she asked me that morning or not. I don't remember just exactly how she done. . . I don't know whether she drove it every day or not. I couldn't say whether she drove it whenever she

wanted to. I know she drove it. I don't know how often she drove it. . . I never did keep up with when she used it. I don't know how often, I wouldn't say whether two or three times a week. . . She just bought her groceries, I didn't buy any hardly myself. I didn't buy much. I reckon when she went after her groceries she went in the automobile. I reckon when she went to church she went in the automobile. If it wasn't too far to walk when she went to see her friends, but she didn't do that very much, I just couldn't say whether she went in the car. They just drove it whenever they needed to is all I know. Yes, of course they were living there in my house. Yes, we all ate at the same table, they bought groceries and we all cooked and ate. I did not buy many groceries. . . I told you I didn't buy any of the groceries hardly, sometimes I might buy a few. Yes, I did the cooking and housekeeping. Yes, of course they lived there with me in my house but they furnished part of the expense."

The controlling and only question argued by counsel for the defendants is whether the evidence authorized a verdict against Mrs. Whitlock under the "family-car rule" as enunciated in *Griffin* v. *Russell*, 144 *Ga.* 275 (87 S. E. 10). "The head of a family who keeps and maintains an automobile for the use, comfort, pleasure and convenience of the family is liable for an injury resulting from the negligence of a minor son, a member of the family, while operating the automobile with the knowledge and consent of the owner, for the comfort or pleasure of the family, and thus in pursuance of the purpose for which it was kept and maintained by the parent." *Cohen* v. *Whiteman*, 75 *Ga. App.* 286 (43 S. E. 2d, 184). The rule has been extended to liability for damages caused by an adult son or daughter living with the parent as a member of the family (*Kennedy* v. *Manis*, 46 *Ga. App.* 808, 169 S. E. 319), and to a "non-dependent, self-supporting adult son" who resided in the home without charge, and by custom was voluntarily permitted to drive the car for his own comfort and pleasure upon the same footing as the father's wife and minor children. *Hubert* v. *Harpe*, 181 *Ga.* 168 (182 S. E. 167), s. c. 52 *Ga. App.* 262 (183 S. E. 98).

The defendant relies upon the case of *Bryant* v. *Keen*, 43 *Ga. App.* 251 (158 S. E. 445), holding that the "family-car doctrine"

will not be extended to include the negligent operation of a car by the son-in-law of the owner, living in the home, in which this court said: "The son-in-law is not a member of the father-in-law's family; neither, for that matter, is the daughter after she becomes the son-in-law's wife." The statement as to the status of the daughter was obiter dictum, as that question was not involved in that case. Furthermore, the Supreme Court held in *Hubert* v. *Harpe,* supra, pages 177, 178, that the ruling in *Bryant* v. *Keen* was inconsistent with its ruling therein. The defendant also relies on the ruling in *Raley* v. *Hatcher,* 61 *Ga. App.* 846, 848 (7 S. E. 2d, 777), that, "if the father was the sole owner of the car and the son was over 21 years of age, had a job of his own, was self-supporting and paying board at his father's house, and there was no evidence from which the jury could find that the son was a member of the father's family within the meaning of the family-car doctrine, a mere loan of the car by the father to the son to go on a mission solely for the benefit of the son was in principle the same as if he had loaned it to a friend and would in effect make the son a mere bailee, and if the son's chauffeur or driver injured someone on the trip, the father would not be liable."

Mrs. Whitlock's testimony tended to show and authorized the jury to find that her daughter used the car practically at will, generally and for various purposes, including going after groceries for the home, in going to church and probably in going to visit her friends; that she allowed her daughter to use it at any time, and that "they (apparently referring to the daughter and her husband) just drove it whenever they needed to. . ."; and that the daughter carried her husband to work that morning, and she did not know whether the daughter asked her that morning or not. We think that this evidence showed more than a mere loan of the car by the mother to the daughter, and distinguishes this case from *Raley* v. *Hatcher,* supra.

The Supreme Court of this State examined numerous outside authorities, carefully considered the two lines of authority, and made a deliberate choice between them, in enunciating the "family-car rule" as first applied in *Griffin* v. *Russell,* supra. Although that decision was not concurred in by all of the Justices, the legislature has taken no action modifying the rule stated,

and it has been followed by this court in a number of cases. That decision was based squarely on the relation of master and servant or principal and agent, and stated that "A child, however, may occupy the position of a servant or agent of his parent, and for his acts as such the parent may be liable under the general principles governing the relation of master and servant, or principal and agent"; and that it is not necessary that an agent or servant be employed by contract or express agreement to establish the relation. It may arise by implication as well as expressly. "A father is under no legal obligation to furnish an automobile for the comfort and pleasure of his child, whether minor or adult; and if he does so, it is a voluntary act on his part. In every such case the question is whether the father [or other parent] has expressly or impliedly made the furnishing of an automobile for such purpose a part of his business, so that one operating the vehicle for that purpose with his consent, express or implied, may be considered as his agent or servant." *Hubert* v. *Harpe,* supra, page 171. Since a child, whether a minor or an adult, may occupy the position of a servant or agent of his parent, for his negligent acts as such the parent may be liable. Whether the child is an adult or a minor, would seem to be immaterial, except as a circumstance to be considered in determining whether the relation of master and servant really existed. By the same process of reasoning it would seem to be likewise immaterial, to the same extent, whether an adult child living in the house with the parent was single or married.

These conclusions are demanded by the ruling in *Hubert* v. *Harpe,* supra, which we regard as the leading case dealing with the "family-car rule" since *Griffin* v. *Russell,* supra. Applying the facts of this case as shown by the evidence to the principles of law set out in the two leading cases, it was a question for the jury to say whether the car kept by Mrs. Whitlock was a family-purpose car, within the meaning of the "family-car rule," so as to subject her to liability for damages from its negligent operation by her self-supporting, adult married daughter living in the home with her, under the circumstances shown, and the evidence supports the verdict. See *Grahl* v. *McMath,* 59 *Ga. App.* 247 (200 S. E. 342); *Goldstein* v. *Johnson,* 64 *Ga. App.* 31 (12 S. E. 2d, 92).

■ All of the excerpts from the charge complained of in eight special grounds of the motion for a new trial relate to the controlling question presented by the general grounds, that is, the liability of Mrs. Whitlock under the family-car doctrine. Under our ruling on the general grounds, no error is shown in any of these special grounds. The ninth special ground complains of the failure to direct a verdict for Mrs. Whitlock. It is never error to refuse to direct a verdict in any case. *Rogers* v. *Beavers,* 76 *Ga. App.* 16 (45 S. E. 2d, 74), and cits.

The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*