A90A1109. SMITH v. SHERMAN.
(397 SE2d 617)

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Plaintiff Smith was injured when the vehicle in which she was a passenger collided with an alleged family purpose vehicle owned by defendant Sherman and driven by his son. Additional parties to this action are third party defendant Vandenburgh, driver of the vehicle in which plaintiff was a passenger, and third party defendant Candler Development Company, manager of the shopping center where the collision occurred.

Defendant Sherman moved for summary judgment, contending that the family purpose doctrine is inapplicable to the case sub judice, so that, since he was not driving a vehicle involved in the collision, there is no genuine issue of material fact for resolution by a jury. The superior court initially denied defendant's motion, but, following the filing of depositions of defendant Sherman and his son by third party defendant Candler Development Company and the filing of de-

fendant Sherman's motion for reconsideration, granted summary judgment in favor of defendant Sherman against plaintiff. *Held*:

Pretermitting the issues raised by plaintiff's first enumeration of error, concerning whether the superior court ruled upon defendant's motion for reconsideration without allowing plaintiff an appropriate period of time for response, we address plaintiff's second contention, that genuine issues of material fact remain as to whether the family purpose doctrine is applicable to the case sub judice. First, we note that the pleadings and evidence present an issue for the jury concerning the alleged negligence of defendant Sherman's son. Therefore, since in our view, there is evidence which would authorize a jury to conclude that defendant Sherman is liable under the family purpose doctrine for any negligence of his son, we must reverse the superior court's grant of summary judgment in favor of defendant Sherman and against plaintiff.

"The principles underlying the family purpose car doctrine are set out in *Phillips v. Dixon*, 236 Ga. 271, 272 (223 SE2d 678) (1976), where the rule is stated as follows: 'In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose.' See OCGA § 51-2-2." *Tolbert v. Murrell*, 253 Ga. 566, 568 (2) (322 SE2d 487). "To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose. *Quattlebaum v. Wallace*, 156 Ga. App. 519, 520 (275 SE2d 104) (1980)." *Quan v. Johnson*, 190 Ga. App. 510 (379 SE2d 426). However, the principal factor is authority and control, and we have stated that "the four conditions prescribe when the test is to be applied, but the actual test is authority and control." *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750). Additionally, the family member to whom the vehicle is furnished must be a member of the owner's immediate household. *Finnocchio v. Lunsford*, 129 Ga. App. 694 (2) (201 SE2d 1).

There is uncontroverted evidence that defendant Sherman supplied, for family purposes, the vehicle which his unemancipated minor son was driving and that the automobile was being driven with his consent (albeit permission was provided via defendant Sherman's wife who had been vested by defendant Sherman with authority to decide whether or not the son could drive) at the time of the collision. See generally *Young v. Wooldridge*, 187 Ga. App. 661, 663 (1) (371 SE2d 100).

While his family resided in Georgia at the time of the collision,

defendant Sherman had established a separate residence in Louisiana due to a transfer with his employer to that location. He stated that at the time of the collision he considered Louisiana to be his principal residence and contends that his son was not living within his household at that time. While defendant Sherman testified as to his divorce subsequent to the date of the collision and that he and his wife were not living together at the time of the collision, he also stated that at that time he and his wife were not separated and that the family residence continued to be his home in Georgia so that when he had occasion to return to Georgia he would usually stay there. When something required his presence at the Georgia residence he was able to return on short notice and with little expense due to his employment with an airline. Indeed, when defendant Sherman learned of the collision the following morning he immediately returned to Georgia. Additionally, he retained his Georgia driver's license and had not acquired a Louisiana driver's license or registered to vote in that state. Defendant Sherman's son testified that defendant Sherman "resided in New Orleans and came in on the weekends."

Genuine issues of material fact remain for a jury concerning whether, at the time of the collision, defendant Sherman and his son continued to be members of the same household. Despite the multiple residences and subsequent divorce, there is evidence that at that time defendant Sherman's family continued to function as a cohesive social entity, and that he had the right and did in fact exercise authority and control over the use of the automobile involved in the collision. The superior court erred in granting defendant Sherman's motion for summary judgment.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1990.

*Rubin Law Offices, Robert P. Hoyt*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Jan P. Cohen*, for appellee.