## A94A0555. WINGARD et al. v. BRINSON.
(442 SE2d 485)

BIRDSONG, Presiding Judge.

The minor appellant-plaintiff Jasper Jenkins was a passenger in an automobile owned and operated by appellant-plaintiff Clara Wingard when that vehicle was struck by an automobile owned by appellee-defendant Lassie Brinson and being operated by her brother, defendant Travis Brinson. In the ensuing tort action, the complaint alleges that appellants were injured as a result of the negligent operation of the vehicle by Travis Brinson but does not allege any act of negligence on the part of appellee Lassie Brinson. She answered and immediately moved for summary judgment, claiming that she could not be held vicariously liable for any acts attributable to her brother. This motion was granted by the trial court and appellants bring this direct appeal. *Held*:

1. Appellee supported her motion with her affidavit stating that she and her adult brother reside in separate households and that her brother was not her employee or agent. Appellants responded to the motion by asserting that a question of fact exists as to whether appellee could be liable under the family purpose doctrine. The trial court correctly granted appellee's motion for summary judgment upon the undisputed facts wherein an owner lent her car to a sibling who did not reside in the owner's immediate household. "As a general rule, conceding the negligence of the operator of an automobile, the owner thereof, when not riding in the car, is not liable for injuries proximately resulting from such negligence, merely because he is the owner of the vehicle. [Cits.] Nor, as a general rule, is the owner liable for the

negligence of the operator of his automobile merely because he consented, expressly or impliedly, to its operation by such person. [Cits.]" *Graham v. Cleveland*, 58 Ga. App. 810, 811 (1) (200 SE 184). " 'In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose.' See OCGA § 51-2-2." *Tolbert v. Murrell*, 253 Ga. 566, 568 (2) (322 SE2d 487); see also *Finnocchio v. Lunsford*, 129 Ga. App. 694 (2) (201 SE2d 1). In order for the family purpose doctrine to be applicable so as to impose vicarious liability on the owner for the negligence of the driver, four factors must be present: 1) the non-negligent defendant must own or have an interest in or control over the automobile; 2) he must have made the automobile available for family use rather than for his business; 3) the driver must be a member of the defendant's *immediate household*; and 4) the automobile must have been driven with the permission or acquiescence of the defendant. *Murch v. Brown*, 166 Ga. App. 538 (304 SE2d 750). These factors are not determinative of vicarious liability but are necessary preconditions. " 'Georgia courts have used authority and control as the "principal factor" in determining whether liability accrues under the doctrine. (Cits.) The four conditions prescribe the parameters of the family purpose doctrine [and] when the test is to be applied, but the actual test is authority and control. (Cits.)' [Cit.]" *Finley v. Berman*, 190 Ga. App. 692, 693 (379 SE2d 640).

Appellee's unrefuted evidence shows the absence of a necessary precondition, in that the negligent operator of the vehicle was not a member of the owner's immediate household. This renders the family purpose doctrine inapplicable to impose vicarious liability on the owner of the vehicle. "[A] mere loan of the car by the [owner] to [a sibling who was not a family member of the same immediate household within the meaning of the family purpose doctrine] was in principle the same as if [s]he had loaned it to a friend to go on a mission solely for the benefit of the friend and would . . . make the [sibling] a mere bailee [for whose negligence the owner-bailor] would not be liable." *Raley v. Hatcher*, 61 Ga. App. 846 (2) (7 SE2d 777).

2. Appellant argues that a jury may decide the driver was acting as the owner's agent, but appellant does not suggest that there is any evidence that the driver was acting as appellee's agent. In fact, appellant implies on appeal that it is not known whether the driver was acting as appellee's agent. As appellant has not pointed to any specific evidence suggesting the driver was appellee's agent, on this point, appellant has not shown that there is a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). It is therefore unnecessary to consider whether appellant might be liable for the driver's negligence

if he were acting as her agent in using her car.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 29, 1994.

*Frank Gonzalez*, for appellants.
*Dillard, Bowers & East, Joseph E. East*, for appellee.