### A97A1708. JACKSON v. REED.
(494 SE2d 52)

RUFFIN, Judge.

William Jackson sued Pamela Stone and her stepfather, George Reed, to recover damages allegedly sustained when Stone, who was driving a pickup truck owned by Reed, rear-ended Jackson. Reed moved for summary judgment on the grounds that he was not vicariously liable for Jackson's injuries under the family purpose doctrine. The trial court granted Reed's motion, and this appeal followed. For reasons which follow, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . If the moving party discharges this burden, the nonmoving party can-

not rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in a light most favorable to Jackson, the non-movant, the evidence shows as follows. On the day of the collision, Stone's stepfather, Reed, and Stone's mother, Reed's wife, were the only two members of the Reed household. Stone, who was 36 years old at that time, had for several months before the collision maintained her own residence elsewhere. Two weeks before Stone's collision with Jackson, the Reeds began a vacation in Canada. Stone stayed at the Reed home during that time, allegedly to "house sit" and to keep the Reeds' dogs. When Reed and his wife returned from vacation, Stone returned to her own residence.

Stone owned and maintained her own car, which she kept at the Reeds' residence while she stayed there. On the morning of the collision, Stone's car engine would not start. Stone, who knew Reed had two sets of keys to a pickup truck hanging on a peg in his home, decided to use the truck and therefore took the keys.

Stone testified in her deposition that she drove the pickup truck to obtain her paycheck, although Reed testified during his deposition that Stone was not working at the time of the collision.

While returning from her errand, Stone rear-ended Jackson. In their respective depositions, both Reed and Stone testified that Stone had never driven, or asked permission to drive, the pickup truck before that date. Furthermore, Reed and Stone had never discussed the circumstances under which Stone could use the pickup truck. Reed testified, however, that under certain circumstances he would have let Stone use the pickup truck; one of those circumstances being when Stone's own car was not working and she needed to go somewhere. Stone also testified that she did not think Reed would object to her using the pickup truck.

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. In order for the family purpose doctrine to be applicable so as to impose vicarious liability on the owner for the negligence of the driver, four factors must be present: 1) the non-negligent defendant must own or have an interest in or control over the automobile; 2) he must have made the automobile available for family use rather than for his business; 3) the driver must be a member of the [non-negligent] defendant's *immediate household*; and 4) the automobile must have been driven with the permission or acquiescence of the [non-negligent] defendant. These factors are not determinative of vicarious liability but are necessary preconditions. Georgia courts have used authority and control as the

principal factor in determining whether liability accrues under the doctrine. The four conditions prescribe the parameters of the family purpose doctrine and when the test is to be applied, but the actual test is authority and control." (Citations and punctuation omitted; emphasis in original.) *Wingard v. Brinson*, 212 Ga. App. 640, 641 (1) (442 SE2d 485) (1994).

In this case, the evidence shows the absence of a necessary precondition for the application of the family purpose doctrine, specifically that "the driver must be a member of the [non-negligent] defendant's *immediate household*[.]" See id. Jackson does not dispute that Stone was a 36-year-old adult who normally lived away from the Reed home. He also does not dispute that Stone maintained her own car, which was with her at the Reed home while she stayed there, and that Stone only drove Reed's pickup truck on the day of the collision because her car had mechanical problems. These facts render the family purpose doctrine inapplicable to impose vicarious liability on Reed because it is uncontroverted that Stone was not a member of Reed's immediate household. See *Greene v. Jenkins*, 224 Ga. App. 640, 641 (2) (481 SE2d 617) (1997); *Wingard*, supra at 641; *Esco v. Jackson*, 185 Ga. App. 901 (1) (366 SE2d 309) (1988). The mere loan of the pickup truck by Reed to Stone, who was not a family member of the same immediate household within the meaning of the family purpose doctrine, would in principle be the same as if Reed had loaned the pickup truck to a friend to go on a mission solely for the benefit of the friend and would make Stone a mere bailee for whose negligence Reed would not be liable. See *Wingard*, supra at 641. Cf. *Duckworth v. Oliver*, 112 Ga. App. 371 (145 SE2d 115) (1965). Therefore, the trial court correctly granted summary judgment to Reed on this issue.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1997 —
RECONSIDERATION DENIED NOVEMBER 18, 1997 — ■

*Harriss, Hartman, Aaron, Wharton & Boyd, James A. Secord*, for appellant.
*Davis & Kreitzer, Steven W. Kreitzer*, for appellee.