A99A1553. GOMEZ et al. v. CHAO.
(521 SE2d 421)

JOHNSON, Chief Judge.

Kathy Gomez was driving, and David Gomez was a passenger in, a van that collided with a car driven by Don Chao. The Gomezes sued Yun Chao, Don Chao's father, claiming he was the negligent driver of the car. Chao moved for summary judgment on the ground that he was not the driver of the car. In response to the motion, the Gomezes conceded that Yun Chao was not the driver of the car and that Don Chao was the actual driver whom they had intended to sue. However,

they claimed that Yun Chao is nevertheless liable for his son's negligence under the family purpose doctrine. The trial court granted Chao's motion for summary judgment. The Gomezes appeal from the judgment.

1. The Gomezes contend the court erred in granting summary judgment to Chao because there are genuine issues of material fact as to whether he is liable under the family purpose doctrine. Even if such issues exist, they are irrelevant to this case because the Gomezes' lawsuit does not seek to hold Chao liable under the family purpose doctrine.

It is apparent from the Gomezes' complaint, and they have admitted both in the trial court and in their appellate brief, that they sued the wrong person. They meant to sue Don Chao for negligence, but mistakenly named his father as the defendant. Once the Gomezes realized their mistake, it does not appear, at least from the record before us, that they attempted to correct the error by moving to add Don Chao as the proper defendant or by amending their complaint to allege that Yun Chao is liable under the family purpose doctrine. Rather, they simply left their complaint in its original form. Thus, what appears in the record before us is a complaint alleging only that Yun Chao is liable for negligently driving his car.

Even under the most liberal construction of the complaint, we cannot find that the Gomezes sued to hold Yun Chao liable pursuant to the family purpose doctrine. Such a finding would require us to ignore the plain language of the complaint and to allow a theory of recovery entirely different from that which the Gomezes have claimed. A complaint must set forth the intended theory of recovery because there can be no recovery on a theory not alleged. See *Runyan v. Economics Laboratory*, 147 Ga. App. 53, 57 (248 SE2d 44) (1978); *Carroll v. Johnson*, 144 Ga. App. 750, 753 (4) (242 SE2d 296) (1978).

Because it is undisputed that Don Chao was driving the car in question, the Gomezes' lawsuit for negligent driving against the wrong person, Yun Chao, cannot survive as a matter of fact or law. The trial court therefore correctly granted summary judgment to Chao. See generally *Woods v. Belvedere Park Apts.*, 225 Ga. App. 613, 614 (484 SE2d 242) (1997) (complaint correctly dismissed where plaintiff never moved to add correct defendant); see also *Mason v. Intl. Indem. Co.*, 178 Ga. App. 372 (343 SE2d 418) (1986) (summary judgment upheld where plaintiff sued wrong defendant).

2. The Gomezes argue that Chao's motion for summary judgment was untimely because it was filed after the filing of a pretrial order. The argument is without merit because the only pretrial order we have found in the record is not a final consolidated order signed by both sides, but is simply the Gomezes' proposed version of such an order. Moreover, the argument is without merit because a defendant

may move for summary judgment at any time. See OCGA § 9-11-56 (b).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED JULY 29, 1999.

*Douglas R. Daum*, for appellants.
*Cooper & Avery, Gary M. Cooper, Mike A. Aziz*, for appellee.