A99A1939. SIMMONS et al. v. HILL et al.
(528 SE2d 557)

RUFFIN, Judge.

Eileen and Robert Simmons, wife and husband, sued Robert and Jeremy Hill, father and son, for injuries Mrs. Simmons allegedly sustained when a pickup truck driven by Jeremy collided with their car. The Simmonses alleged that Jeremy[1] negligently caused the collision and that Hill, who owned the truck, was liable for his son's negligence under the family purpose doctrine. The trial court granted Hill's motion for summary judgment, ruling that the family purpose doctrine did not apply because Jeremy was not a member of Hill's immediate household when the collision occurred. The Simmonses appeal, and we affirm.

---

[1] For convenience, we will refer to Robert Hill as "Hill" and to Jeremy Hill as "Jeremy."

A defendant is entitled to summary judgment if he demonstrates that there is no genuine issue of material fact as to at least one of the essential elements of the plaintiff's case.[2] We review the trial court's grant of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff.[3]

The relevant facts are undisputed. The collision occurred on May 7, 1995. At that time, Jeremy was 18 years old and a full-time student at Dalton High School. He had moved from his parents' house sometime before Christmas of 1994 because "he felt like he was adult enough to live on his own," "want[ed] to have his own freedom," and did not get along with his parents. Jeremy initially moved in with his girlfriend. Several months later, he moved into a small apartment by himself, and one month after that, he moved into a one-bedroom rental house where he was living alone at the time of the collision. When he left his parents' house, Jeremy took his personal belongings with him, and he no longer spent nights in his parents' house. His mother testified that she no longer considered the bedroom in which Jeremy had slept to be "his room." Although Jeremy was welcome to return to his parents' home if he wished, he visited less than once a week and ate dinner there only twice between the time he moved and the date of the collision.

In addition to being a full-time student, Jeremy worked part-time as the manager of a car wash. He testified without dispute that, after he left his parents' home, he paid his own rent and provided his own food and clothing. His father, however, paid for his medical care. In addition, Jeremy continued to drive a pickup truck — the one involved in the collision — that his father had provided for him before he moved from his parents' home. Hill owned the truck, paid for the insurance, procured the tags, and provided for the truck's service and maintenance. Hill testified that Jeremy drove the truck with his permission for whatever purpose Jeremy wanted but acknowledged that he could have taken the truck away from Jeremy if he so decided.

Under Georgia law, when the owner of a vehicle maintains the vehicle for the use and convenience of his family, the owner is liable for the negligence of a family member who was using the vehicle for a family purpose and who had the authority to do so.[4] Four prerequisites are required before the family purpose doctrine may be applied to impose vicarious liability on the owner of the vehicle: (1) the defendant must own or have an interest in or control over the auto-

---

[2] OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Rolleston v. Cherry*, 237 Ga. App. 733, 734-735 (1) (521 SE2d 1) (1999).

[4] *Jackson v. Reed*, 229 Ga. App. 433, 434 (494 SE2d 52) (1997).

mobile; (2) the defendant must have made the automobile available for family use; (3) the driver must be a member of the defendant's *immediate household*; and (4) the vehicle must have been driven with the permission or acquiescence of the defendant.[5] If these preconditions are satisfied, then the plaintiff must show that the defendant had sufficient authority or control over the use of the automobile to justify the imposition of vicarious liability.[6] Here, we focus on the third precondition for liability — i.e., whether Jeremy was a member of Hill's immediate household at the time of the collision — as that was Hill's basis for seeking summary judgment.

The Georgia courts have never explicitly defined what is required under the family purpose doctrine to show that the driver was a member of the defendant's "immediate household." It is clear from the case law that a child's age is not determinative. In *Hubert v. Harpe*,[7] the Supreme Court held that a father could be held liable under the family purpose doctrine for the negligence of his adult son who was "non-dependent" and "self-supporting," but lived at home with his parents without paying board. The fact that the son was an adult was irrelevant to the family purpose analysis. Likewise, in *Kennedy v. Manis*,[8] this Court held that an "adult daughter, single and living at the home of her father and a member of his family,"[9] could fall within the scope of the family purpose doctrine. In reaching that conclusion, we quoted with approval the following passage from the opinion of a Nebraska court:

> "Where a son living at home with his parents is supported there, and is subject to parental control as a member of the family, the fact that he is over twenty-one years of age does not alter the rule that a father furnishing an automobile for the pleasure of his family is liable for the negligence of the son while driving it for his own pleasure."[10]

Nor does a child's marital status determine whether that child is a member of his parent's "immediate household." In *Whitlock v. Michael*,[11] we held that a mother could be liable under the family

---

[5] Id.

[6] Id. at 434-435.

[7] 181 Ga. 168, 172-173 (182 SE 167) (1935). See also *Murch v. Brown*, 166 Ga. App. 538, 539-540 (304 SE2d 750) (1983) (18-year-old daughter living at home and "subject to her parents' general supervision" could fall within family purpose doctrine).

[8] 46 Ga. App. 808, 809-810 (169 SE 319) (1933).

[9] (Emphasis omitted.) Id. at 809.

[10] Id. at 810, quoting *Linch v. Dobson*, 108 Neb. 632 (188 NW 227) (1922).

[11] 79 Ga. App. 316, 320 (1) (53 SE2d 587) (1949). See also *Finnocchio v. Lunsford*, 129 Ga. App. 694 (201 SE2d 1) (1973) (married, minor son who was living with his parents over the summer could fall within scope of family purpose doctrine).

purpose doctrine for the negligence of her daughter, a married adult who lived, along with her husband, in her mother's house and drove her mother's car.

What *does* appear necessary to establish that a child was a member of his parents' immediate household, however, is evidence that the child lived at the same residence with his parents at the time of the incident in question. We have refused to apply the family purpose doctrine to make parents vicariously liable for the negligence of their children who do not live with them. In *Calhoun v. Eaves*,[12] for example, we held that the doctrine did not apply to a "fully emancipated" 19-year-old who was away at college in another city when the collision occurred. Similarly, in *Greene v. Jenkins*,[13] we held that an adult son who lived away from home before the accident in question and had no personal belongings at his mother's house was not a member of her immediate household under the family purpose doctrine. Thus, at a minimum, the driver and the owner of the vehicle must live together before we will apply the family purpose doctrine.

The Simmonses contend that Jeremy may be considered a member of his father's immediate household, even though he did not live with his father, because physical proximity is not determinative. But the cases they rely on — *Smith v. Sherman*[14] and *Finnocchio v. Lunsford*[15] — do not support this proposition. In *Smith*, the driver was using his father's car when the collision occurred. The family — including the driver and the father's wife — lived in Georgia, but the father had established a separate residence in Louisiana due to a job transfer. He retained his Georgia driver's license, did not obtain a Louisiana driver's license, and did not register to vote in Louisiana. More importantly, the father returned to the family home in Georgia on the weekends. In light of this evidence of dual residence, we held that whether the father and son were members of the same household was a question for the jury. We did *not* hold that two people may be members of the same household under the family purpose doctrine even if they do not live together.

In *Finnocchio*, the allegedly negligent driver was a married minor college student who had lived with his wife in an apartment in Tennessee during the academic year. The collision occurred over the summer while the student was driving his father's car. At that time, the student and his wife had allowed their apartment lease to lapse

---

[12] 114 Ga. App. 756, 761 (152 SE2d 805) (1966).

[13] 224 Ga. App. 640, 641-643 (2) (481 SE2d 617) (1997). See also *Jackson*, supra (stepfather was not liable for actions of adult stepdaughter who maintained her own residence but was housesitting for her mother and stepfather and driving stepfather's truck at time of accident).

[14] 197 Ga. App. 183 (397 SE2d 617) (1990).

[15] 129 Ga. App. 694.

and were living in the home of the student's father. We held that these facts authorized a jury verdict against the father. Once again, however, we did *not* extend family purpose liability to children living away from their parents' home at the time of the incident.

Applying these principles here, we must affirm the ruling of the trial court. The evidence showed without dispute that Jeremy moved out of his parents' home at least six months before the collision, that at the time of the collision he lived in a separate house for which he paid the rent, and that he rarely visited his parents' house and never slept there. Jeremy did not live with his father and therefore was not a member of his father's immediate household. Accordingly, the trial court properly granted summary judgment in favor of Hill.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2000 — 

*Mitchell & Mitchell, Terry L. Miller, G. Gargandi Vaughn*, for appellants.

*Kinney, Kemp, Sponcler, Joiner & Tharpe, Robert A. Cowan*, for appellees.

