### A01A0583. HOLMAN v. FERRELL et al.
(550 SE2d 470)

PHIPPS, Judge.

This wrongful death action arose from an automobile collision that occurred on the causeway between Brunswick and St. Simons

Island when Scott Langford's car crossed the centerline and hit a car driven by Richard Holman. Holman died as a result of the collision, as did Robert Coleman, a passenger in Langford's car. Holman's mother sued Langford and Laurie Pitts, the driver of a car that allegedly was racing with Langford's car before the collision. She also sued Langford's two passengers[1] and Pitts's two passengers, alleging that they were part of a joint enterprise of illegal activity that caused her son's death.[2] The trial court granted summary judgment to the passengers, and Ms. Holman appeals. Finding no basis to impute any negligence on the part of Langford and Pitts to their passengers, we affirm.

To win summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[3] We review a grant of summary judgment de novo.[4]

The evidence showed that, on the night of October 4, 1996, Langford and two passengers were traveling westbound on the causeway in a Honda. Pitts and two passengers were traveling in the same direction in a Toyota. The occupants of the respective cars did not know each other and were not traveling to the same destination.

Langford testified that, shortly after he entered the causeway, Pitts passed him at a rapid rate of speed, and he sped up to pass her. He testified that the two cars "kept leaving each other" and explained that he was "just messing around." Langford also testified that he was driving between 50 and 70 mph, that Pitts was keeping up with him, and that both cars changed lanes multiple times. The speed limit on the causeway for westbound traffic is 50 mph.

Pitts testified that after Langford passed her, she accelerated and tried to pull up alongside him because she thought his car's occupants might be friends of hers, but Langford "cut me off." She testified that after this happened several more times, she concluded that the driver was not a friend, and that he might be drunk, so she slowed down.

At some point, Langford changed lanes quickly and his car spun out of control, crossed into the eastbound lanes of traffic, and collided with Holman's car. Pitts swerved to avoid flying debris and Coleman's body, which had been thrown from Langford's car. Pitts's car

---

[1] Ms. Holman sued Coleman's father in his capacity as representative of his son's estate.

[2] Ms. Holman also sued Langford's father and Pitts's mother, but those claims are not at issue here.

[3] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] *Touchton v. Amway Corp.*, 247 Ga. App. 269, 270 (543 SE2d 782) (2000).

did not collide with another vehicle.

George Carswell, an accident investigator with the Brunswick Police Department, concluded that Langford and Pitts "were traveling at a high rate of speed trying to pass each other and changing lanes to keep each other from passing each other." According to Carswell, Pitts's car played a causal role in the collision.

In her complaint, Ms. Holman alleges that the passengers in the two cars "were engaged in a joint enterprise with the drivers of the vehicles, and all acted in concert in a reckless manner." Accordingly, she asserts that the negligence of Langford and Pitts should be imputed to their passengers. The trial court granted summary judgment to all four passengers without opinion and later entered final judgment in their favor.

We have held that automobile passengers are not liable for the negligence of their drivers "solely by virtue of a common excursion in pursuance of joint interests."[5] "[T]here must be not only a joint interest in the objects and purposes of the undertaking, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance."[6] Thus, in *Keaton v. Fenton*,[7] we ruled that the negligence of a drunk driver could not be imputed to his passengers under "the proposed principle that they who drink together should pay together if one of the group injures a third party," because the passengers had no right and made no attempt to control the car.[8]

In this case, there is no evidence that any passenger in either Langford's car or Pitts's car attempted to exercise control over the operation of the respective vehicles. Nonetheless, Ms. Holman asserts that the passengers contributed to an atmosphere of "horse play" between the vehicles by, among other things, "waving back and forth."

Pretermitting whether a passenger could be held liable for encouraging the driver to act recklessly,[9] there is no evidence of such

---

[5] *Keaton v. Fenton*, 147 Ga. App. 579 (249 SE2d 629) (1978).

[6] (Citations omitted.) *Holland v. Boyett*, 212 Ga. 458 (1) (93 SE2d 662) (1956).

[7] Supra.

[8] Id.; see also *Adamson v. McEwen*, 12 Ga. App. 508, 511 (77 SE 591) (1913) (person with "no control or management of the machine or of the driver" not liable for driver's negligence); *Neve v. Graves*, 26 Ga. App. 378, 379 (106 SE 305) (1921) (passengers not liable for driver's negligence simply because they purchased oil and gas for car).

[9] Compare *Cullen v. Timm*, 184 Ga. App. 80, 81-82 (1) (360 SE2d 745) (1987) (passengers were not engaged in joint enterprise with driver who ran red light, even though they urged him to do so, because driver alone "held ultimate operational authority over the vehicle") with *Hood v. Evans*, 106 Ga. App. 360, 362 (126 SE2d 898) (1962) (passenger in car competing in illegal drag race could be liable for resulting accident where he " 'gave the signal to start (the race) by holding his arm out the window and counted three and dropped his arm' ").

encouragement here. With respect to Pitts's passengers, Lisa Jacobs testified that she was trying to sleep in the backseat as Pitts crossed the causeway, and Christina Watts testified that she was relaxing in the front seat with her eyes closed, listening to the radio. Pitts agreed that Jacobs had been dozing. Pitts testified that she and Watts were talking, but she could not recall the subject of their conversation. With respect to Langford's car, there was evidence one of his passengers waved at the occupants of Pitts's car when the cars first passed each other, but waving is not tantamount to promoting illegal activity.[10] Langford testified that he did not know what his passengers were doing, which suggests that they were not encouraging him to violate any rules of the road. In fact, both Langford and Charles Ferrell, the front seat passenger, testified that Coleman, who was in the backseat, had said that he would never weave in and out of traffic in his own vehicle, which, according to Langford, "was pretty much telling me to stop."

Ms. Holman relies on *Bellamy v. Edwards*[11] and *Kilpatrick v. Foster*,[12] in which we held that the *driver* of a vehicle driving recklessly and in tandem with another vehicle could be held liable for a resulting collision under a joint enterprise theory, even if his car was not directly involved in the collision. But *Bellamy* and *Kilpatrick* did not address the potential liability of any passengers, so those decisions do not apply here.

Certainly, in the absence of any evidence that the passengers in either car attempted to exercise control over the operation of the vehicles or encouraged the drivers to engage in illegal activity, summary judgment in their favor was appropriate.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JUNE 11, 2001 —
RECONSIDERATION DENIED JUNE 29, 2001 — 

*Mills & Chasteen, Ben B. Mills, Jr., Hutto & Palmatary, Jack Hutto*, for appellant.

*Brennan, Harris & Rominger, Richard A. Rominger, Kristine B. Shehane, Barrow & Ballew, Walter W. Ballew III, Dillard, Bower &*

---

[10] See *Snell v. McCoy*, 135 Ga. App. 832, 833 (2) (219 SE2d 482) (1975) (fact that passenger waved at police car that was pursuing the car in which he was riding did not show that passenger took part in "common design" or conspiracy to elude police).

[11] 181 Ga. App. 887-889 (1) (354 SE2d 434) (1987).

[12] 185 Ga. App. 453-455 (1) (364 SE2d 588) (1988).

*East, Bryant H. Bower, Jr., Karsman, Brooks & Callaway, R. Krane Riddle*, for appellees.