A02A0030. HURLEY v. BROWN et al.
(564 SE2d 558)

SMITH, Presiding Judge.

We granted James C. Hurley's application for interlocutory appeal from the trial court's order denying his motion for summary judgment in the action filed against him by Tyrone and Stephanie Brown. The Browns brought suit against Hurley and his son Brian for personal injury and loss of consortium after the car driven by Ste-

---

[10] See *State v. Gibbons*, 248 Ga. App. 859, 864 (2) (547 SE2d 679) (2001).
[11] See *Smith*, supra.

phanie Brown collided with a car driven by Brian and owned by Hurley. The Browns sought to establish Hurley's liability under the family purpose doctrine. We conclude, however, that they failed to come forward with any evidence to rebut Hurley's affidavit in which he showed that the family purpose doctrine did not apply. Summary judgment therefore was appropriate, and we reverse.

Four prerequisites exist for establishing a claim under the family purpose doctrine:

> (1) the defendant must own or have an interest in or control over the automobile; (2) the defendant must have made the automobile available for family use; (3) the driver must be a member of the defendant's *immediate household*; and (4) the vehicle must have been driven with the permission or acquiescence of the defendant.

(Footnote omitted.) *Ingraham v. Marr*, 246 Ga. App. 445, 446 (540 SE2d 652) (2000). Hurley moved for summary judgment on the ground that the family purpose doctrine did not apply and that no other ground for holding him liable had been shown. He submitted an affidavit in which he stated that although the car was titled in his name, Brian paid all the expenses for its operation and maintenance; that Brian was not on any errand or mission for him at the time of the accident; and that Brian did not reside in his household at the time of the accident. Hurley's affidavit therefore pierced an essential element of the Browns' complaint.

The Browns opposed the motion but presented no evidence in opposition to it. They simply relied on their brief, in which they stated that Hurley's statement that Brian was not a member of his immediate household required further probing by the finder of fact. They repeat this assertion on appeal, citing *Simmons v. Hill*, 242 Ga. App. 22 (528 SE2d 557) (2000), in support of their contention that "[t]he courts in this state have inquired about the length of time the family member has been living at another residence, whether or not the family member has been paying rent at that household, whether there are frequent visits to the parent's home and whether the family member kept belongings at the parent's home." While it is true that these factors may be considered, this court in *Simmons* stated emphatically that we have *never* held "that two people may be members of the same household under the family purpose doctrine even if they do not live together." Id. at 25. And to establish that a child is a member of his parents' immediate household, it is necessary to present evidence that the child lived at the same residence with them at the time of the accident. Id. We have never extended family purpose liability to children living apart from their parents. Id. at 25, 26. *Simmons*, therefore, does not support the Browns' contentions.

Although Hurley would not bear the burden of proof at trial, on summary judgment he had the burden of pointing out by reference to affidavits or other evidence an absence of evidence to support the Browns' case. He discharged this burden by pointing to his affidavit. Once Hurley came forward with evidence that Brian was living apart from him at the time of the accident, the Browns were not entitled to rest on their pleadings. It became the Browns' burden to come forward with specific evidence negating the assertions in Hurley's affidavit and creating a question of fact as to this issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). This they did not do, and the trial court should have granted Hurley's motion for summary judgment.

*Judgment reversed. Eldridge and Ellington, JJ., concur.*

DECIDED APRIL 23, 2002.

*William A. Turner, Jr.*, for appellant.

*Copeland & Haugabrook, Roy W. Copeland, Karla L. Walker*, for appellees.

