## A02A2401. COLLINS v. HAMILTON.
(576 SE2d 42)

JOHNSON, Presiding Judge.

Judy Mixon Collins' original complaint against Jacob C. Hamilton alleged that he was the negligent driver of a vehicle which ran a red light and collided with the vehicle in which Collins was a passenger, injuring her. Collins later amended the complaint to provide that Hamilton "is the owner and insured of the vehicle negligently operated by Heather Hamilton, when Heather Hamilton disregarded a red light and ran into the vehicle occupied by [Collins]." Relying only on the pleadings, as amended, Hamilton moved for summary judgment, which the trial court granted. Collins appeals. We affirm because the undisputed facts warrant judgment for Hamilton as a matter of law.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment.[1]

[1] *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

A defendant may prevail at summary judgment under OCGA § 9-11-56 by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case.[2]

Following Hamilton's motion for summary judgment, Collins chose not to respond, and neither party filed any affidavits or depositions to support or controvert the claims made in the amended complaint. The amended complaint shows only that Hamilton was the owner and the insured of the car involved in the collision in which Collins was injured. But even accepting the complaint as true, Hamilton's ownership of the car, in and of itself, is insufficient to establish his liability for Collins' injuries.[3]

Collins and Hamilton both rely on *Gomez v. Chao*.[4] There, the complaint mistakenly misidentified the defendant, Yun Chao, as the negligent driver of the car which caused the plaintiff's injuries. Chao's son was the actual driver of the car, and Chao was the car's owner. The plaintiff failed to amend the complaint, so this Court affirmed the trial court's grant of summary judgment to Chao.[5]

Collins points out that, unlike the plaintiff in *Gomez v. Chao*, she amended her complaint to identify Hamilton as the owner of the car. She further contends that she may recover under a theory of imputed negligence or vicarious liability, such as the family purpose doctrine.[6] In order for a plaintiff to establish a defendant's liability under this theory

the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. Nevertheless, the principal factor is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the

---

[2] (Citation and punctuation omitted.) *Etheredge v. Kersey*, 236 Ga. App. 243, 244 (510 SE2d 544) (1998).

[3] *Grant v. Jones*, 168 Ga. App. 690, 691 (310 SE2d 272) (1983) (physical precedent only).

[4] 239 Ga. App. 474 (521 SE2d 421) (1999).

[5] Id. at 475 (1).

[6] See OCGA § 51-2-2.

expenses of operation. Agency, not ownership, is the test of liability.[7]

Collins does not assert in the complaint that Hamilton is liable under the family purpose doctrine, claim that he had authority or control over the vehicle, show an agency relationship with the driver,[8] or otherwise establish a claim based on imputed negligence or vicarious liability.[9] Collins merely asserts that Hamilton was "the owner and insured of the vehicle." Collins argues that an issue of fact remains as to imputed negligence because Hamilton did not file any affidavits related to the ownership of the vehicle or the operator's permission to use it. Nevertheless, Hamilton was not required to come forward with these affidavits because he would not bear the burden of proof at trial and was entitled to rely on the absence of evidence to support Collins' case. It follows that the trial court properly granted summary judgment to Hamilton.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 23, 2002.

*D. Duston Tapley, Jr.*, for appellant.
*Jerry W. Caldwell*, for appellee.

---

[7] (Citations and punctuation omitted.) *Dillard v. Clements*, 144 Ga. App. 512-513 (241 SE2d 838) (1978).

[8] Collins does not allege in the complaint or maintain in her appellate brief that Heather Hamilton is part of Hamilton's immediate family or show how she otherwise came to be driving Hamilton's car.

