A06A2119. HICKS et al. v. NEWMAN.
(641 SE2d 589)

RUFFIN, Judge.

Following an automobile collision, Bobby Gene Hicks and Mary Lee Hicks (collectively, "the Hickses") sued Donald Newman, the owner of the vehicle involved in the collision. After discovering that Newman's adult son, Benjamin, was driving the vehicle, the Hickses amended their complaint, seeking to hold Newman liable under the family purpose doctrine. Newman moved for summary judgment on the basis that the doctrine was inapplicable. The trial court granted the motion, and this appeal followed. Finding no error, we affirm.

We review de novo a trial court's grant of summary judgment, and in so doing, we view the evidence and all reasonable inferences therefrom in favor of the party opposing summary judgment.[1] A defendant who does not bear the burden of proof at trial may establish entitlement to summary judgment by demonstrating "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case."[2]

Viewed in this manner, the relevant facts show that the collision between the Hickses and Benjamin Newman occurred on December 22, 2001. At the time of the collision, Benjamin was an 18-year-old college student attending a university in Tulsa, Oklahoma. Donald

---

[1] See *Collins v. Hamilton*, 259 Ga. App. 52 (576 SE2d 42) (2002).

[2] Id. at 53.

Newman lived in Ohio. Although Benjamin visited his father's house several times annually, he was no longer living in his father's household. According to affidavits submitted by the Newmans, the car Benjamin was driving — a 2001 Sentra — was a graduation gift from Donald to his son. Benjamin testified that the car was for his personal use and that his father has never possessed a key to the vehicle.

In Georgia, mere ownership of a vehicle, without more, is insufficient to establish the owner's liability for the negligence of another driver.[3] But when an owner of a vehicle maintains the vehicle for the use and convenience of his family, that owner may be held liable for the negligence of a family member who was using the vehicle for a family purpose.[4] In order to impose vicarious liability on the owner of the vehicle under the family purpose doctrine, four prerequisites must be met:

> (1) the defendant must own or have an interest in or control over the automobile; (2) the defendant must have made the automobile available for family use; (3) the driver must be a member of the defendant's *immediate household*; and (4) the vehicle must have been driven with the permission or acquiescence of the defendant.[5]

With regard to the third prong, we have held that parents will not be held liable for the negligence of their children who live elsewhere at the time of the incident in question as it cannot be said that such child is a member of the owner's immediate household.[6] Here, the only evidence of record shows that at the time of the collision, Benjamin was in college in a different state and only visited his father's home occasionally. Under these circumstances, the trial court properly determined that Benjamin was not a member of Newman's immediate household and that Newman was entitled to summary judgment on this basis.[7]

The Hickses also claim that the trial court erred in granting summary judgment without giving them an opportunity to cross-examine the Newmans "as to the truth of" their affidavits. As a threshold matter, we note that the Hickses' failure to provide any cogent argument or citation of authority in support of this alleged error constitutes waiver.[8] Even if the argument had not been waived,

---

[3] See id.

[4] See *Simmons v. Hill*, 242 Ga. App. 22, 23 (528 SE2d 557) (2000).

[5] (Emphasis in original.) Id. at 23-24.

[6] See id. at 25.

[7] See id.

[8] See *Cannon v. Wesley Plantation Apts.*, 256 Ga. App. 244, 246, n. 7 (568 SE2d 137) (2002).

it is patently meritless. OCGA § 9-11-56 (c) provides that a motion for summary judgment shall be served at least 30 days before the trial court conducts a hearing or rules on said motion and that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show" no genuine issue of material fact.[9] In other words, the Hickses had at least 30 days in which to respond to Newman's affidavits. They did not do so. Indeed, there is nothing in the record to suggest that the Hickses conducted any discovery, sought to depose the Newmans, or otherwise attempted to explore the veracity of the affidavits submitted by Newman in support of his motion.[10] And after Newman presented the affidavits, the burden shifted to the Hickses to come forward with evidence negating the assertions in the affidavits.[11] This they failed to do, and the trial court thus properly granted Newman's motion for summary judgment.[12]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 31, 2007.

*Allen & Forehand, Rodney L. Allen*, for appellants.
*Robert B. Langstaff, Jr.*, for appellee.

---

[9] (Emphasis supplied.)
[10] In fact, the time for filing discovery had apparently expired.
[11] See *Hurley v. Brown*, 255 Ga. App. 151, 153 (564 SE2d 558) (2002).
[12] See id.