## A09A0483. FREDRICK v. HINKLE et al.

(676 SE2d 415)

JOHNSON, Presiding Judge.

On July 13, 2007, Alfred Fredrick filed a complaint alleging that on September 8, 2006, his vehicle was struck from behind by a vehicle operated by "John Doe" and owned by Yolinda Hinkle. Fredrick sued John Doe and Hinkle for injuries sustained in the collision. The only factual assertions in Fredrick's complaint regarding Hinkle are as follows: "Defendant John Doe was operating a 1994 Ford Ranger, which was owned by Defendant Yolinda Hinkle, in a easterly direction on South Avenue SE[,]" and "Defendant John Doe was operating the Yolinda Hinkle vehicle with her express permission."

Hinkle answered and subsequently filed a motion for judgment on the pleadings, arguing that Fredrick failed to state a cause of action against her. Fredrick never responded to the motion, and on October 30, 2007, the trial court granted Hinkle's motion.

On March 31, 2008, five months after the trial court granted Hinkle's motion for judgment on the pleadings, Fredrick filed various motions, including a "Motion to Amend Complaint and Proceed Pro Se." Fredrick also filed a "Motion to Submit Affidavit in Support." On August 12, 2008, following a hearing on the motions, the trial court denied Fredrick's motion to amend his complaint as to Hinkle. The trial court also amended its previous order dismissing Hinkle by adding the following language: "Pursuant to OCGA § 9-11-54 (b), this Court expressly determines that there is no just reason for delay and expressly directs entry of judgment as to Yolinda Hinkle." Fredrick, acting pro se, appeals the court's order granting Hinkle's motion for judgment on the pleadings and the court's order denying his motion to amend his complaint.

We first note that Fredrick has failed to comply with Court of Appeals Rule 25 (c) (2) (i), which provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." Allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be

considered on appeal.[1] And, "[i]t is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[2] In addition, Fredrick attaches a number of documents to his appellate brief. These documents are not proper evidence in the case: "[D]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal."[3]

1. Fredrick contends the trial court erred by dismissing Hinkle from the case. We disagree. Fredrick's only allegations against Hinkle, prior to the trial court's ruling granting Hinkle's motion for judgment on the pleadings, were that she owned the vehicle that struck him and that she gave John Doe permission to operate her car. Georgia courts have clearly established that merely being the owner of an automobile involved in a collision or giving permission to the operator involved in the collision to use the automobile is insufficient to establish liability:

> As a general rule, conceding the negligence of the operator of an automobile, the owner thereof, when not riding in the car, is not liable for injuries proximately resulting from such negligence, merely because he is the owner of the vehicle. Nor, as a general rule, is the owner liable for the negligence of the operator of his automobile merely because he consented, expressly or impliedly, to its operation by such person.[4]

Even accepting the complaint as true, Hinkle's ownership of the car, in and of itself, is not sufficient to establish any liability on her part.[5] And the fact that Hinkle gave John Doe permission to drive the car does not change this result.[6]

While Fredrick references several "affidavits" that allegedly

---

[1] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[2] (Citations and punctuation omitted.) *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (2) (568 SE2d 503) (2002).

[3] (Citation and punctuation omitted.) *In re Estate of Dorroh*, 255 Ga. App. 366, 367 (565 SE2d 565) (2002).

[4] (Citations and punctuation omitted.) *Wingard v. Brinson*, 212 Ga. App. 640, 640-641 (1) (442 SE2d 485) (1994).

[5] See *Collins v. Hamilton*, 259 Ga. App. 52, 53 (576 SE2d 42) (2002) (mere ownership of a car is insufficient to establish liability).

[6] *Arkwright v. Taulbee*, 248 Ga. App. 219, 221 (2) (546 SE2d 335) (2001) ("The fact that a car is being driven by one person or another with the owner's permission does not, in and of itself, establish a basis for imposition of liability against the owner for the negligence of the permittee.").

raise an issue of liability under an agency theory, these affidavits were not before the trial court when it granted Hinkle's motion for judgment on the pleadings. In addition, two of these affidavits are not notarized, rendering them invalid.[7] Moreover, these affidavits at best establish that John Doe had an unknown passenger who "stated to the police officer that she was the owner" of the vehicle being driven by John Doe. Even if Hinkle was in the car at the time of the collision, which she denies, there is no evidence that she "attempted to exercise control over the operation of the vehicle[ ] or encouraged [John Doe] to engage in illegal activity," thus precluding liability on her part.[8] This enumeration of error lacks merit.

2. In a three-sentence argument that does not contain any citation of authority, Fredrick contends the trial court erred by not allowing him to amend his complaint to include an allegation that Hinkle was in the car driven by John Doe at the time of the collision. According to Fredrick, since the trial court had only entered an order, not a judgment, at the time he filed his motion to amend, he should have been allowed to amend his complaint. We disagree.

While a complaint may be amended as a matter of right before entry of a pre-trial order or prior to the commencement of trial,[9] this rule does not apply in the present case because the trial court had granted judgment on the pleadings to Hinkle five months before Fredrick filed his motion to amend the complaint. Once the trial court granted Hinkle judgment on the pleadings, Fredrick lost his right to amend his complaint and add additional counts against Hinkle.[10]

The Supreme Court of Georgia has noted that a party must prepare for a summary judgment hearing with the same thoroughness and expectation of finality he must contemplate for any trial, and a party cannot launch a new lawsuit through amendment after the trial court renders a final decision on summary judgment.[11] The same principle applies to a judgment on the pleadings hearing. Here, Fredrick not only failed to raise the issue he attempts to assert in his amended complaint when confronted with Hinkle's motion for judgment on the pleadings, but he failed to respond to Hinkle's

---

[7] See *Keane v. Annice Heygood Trevitt Support Trust*, 285 Ga. App. 155, 157 (645 SE2d 641) (2007).

[8] *Holman v. Ferrell*, 250 Ga. App. 272, 275 (550 SE2d 470) (2001).

[9] OCGA § 9-11-15 (a); *W. M. Griffin Family Farms, Inc. v. Northrup King & Co.*, 191 Ga. App. 304, 305 (381 SE2d 441) (1989).

[10] See *Thurmond v. Richmond County Bd. of Ed.*, 207 Ga. App. 437, 440 (3) (428 SE2d 392) (1993); compare *Liberty v. Storage Trust Properties*, 267 Ga. App. 905, 909 (1) (600 SE2d 841) (2004) (party could properly amend his complaint before the trial court's order granting summary judgment was filed in the clerk's office).

[11] See *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 606 (203 SE2d 173) (1974).

motion altogether. Moreover, as we concluded in Division 1, even if Fredrick had been permitted to amend his complaint to add an allegation that Hinkle was in the car at the time of the incident, Hinkle still would have been entitled to judgment on the pleadings because Fredrick failed to present any evidence that Hinkle attempted to exercise control over the operation of the car or encouraged John Doe to engage in illegal activity.[12] The trial court properly denied Fredrick's motion to amend his complaint.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 26, 2009.

Alfred Fredrick, *pro se.*
*Harper, Waldon & Craig, Russell D. Waldon, Bridges, Ormand & Faenza, James E. Nash, Jr.*, for appellees.